# THE STATE v. DOERRING, Appellant.

**Division Two, March 6, 1906.**

1. **TITLE OF STATUTE: More than One Subject.** The purpose of the Constitution in requiring bills to contain only one subject, and that to be clearly expressed in the title, is to prevent incongruous and disconnected matters which have no connection with each other from being joined in one bill, but that does not mean that all matters germane to the principal subject and having a natural connection with it may not be incorporated in the same bill.

2. ———: ———: **Dentistry: One Subject: Clearly Expressed Words of Caption.** In 1883 the General Assembly enacted a law whose title was: "An act to regulate the practice of dentistry in the State of Missouri." This act was carried into the Revised Statutes of 1889 and was made article 3 of chapter 110 thereof, the entire chapter being headed, "Medicine, Surgery and Dentistry," and article 3 was headed, "Dentistry." In 1897 the General Assembly enacted a Statute which had as a caption, "Medicine and Surgery: Dentistry—State Board of Examiners," and gave it this title: "An Act to repeal article 3 of chapter 110 of the Revised Statutes of Missouri of 1889, and to enact a new article in lieu thereof, to be known as article 3rd of chapter 110." *Held*, first, that the act of 1897 has but one subject, namely the regulation of the practice of dentistry, and is valid; second, that the subject of the act of 1897 was clearly enough expressed in the title to meet the constitutional requirement; and, third, the words of the caption given to the act by the Legislature, namely, "Medicine and Surgery; Dentistry: State Board of Examiners," should be construed as a part of the title to the law.

3. **DENTISTRY: Power to Regulate.** The General Assembly has power by appropriate statute to regulate the practice of those trades and professions that require particular skill and learning, the practice of which necessarily affects the public, such as dentistry.

4. ———: **Judicial Functions.** The dentistry statute does not invest the dental board with judicial functions.

5. ———: **Information.** It is not necessary that the information charging a defendant with practicing dentistry without a license state the name of the persons upon whom he practiced.

6. ——: **Exception: Burden.** The burden is not on the State to prove that the defendant does not belong to one of the classes of dentists exempted from the operation of the statute, for those classes are excepted in a distinct section of the statute, and in such case the burden is on the defendant to show that he belongs to one of the excepted classes.

7. ——: **Wrongfully Withholding License.** The fact that the dental board wrongfully withheld from defendant a license to practice dentistry is no defense to the charge that he practiced without a license. If he is lawfully entitled to a license he must resort to some appropriate remedy to compel the issuance of the license; but if he practiced without a license, his offense is complete under the statute.

Appeal from Jackson Criminal Court.—*Hon. Jno W. Wofford,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State; *W. E. Owen* of counsel.

(1) The law regulating the practice of dentistry in this State, and creating a State Board of Dental Examiners (Laws 1897, p. 166), is not unconstitutional and void because violative of that provision of the Constitution (sec. 28, art. 4) which requires that no bill shall have more than one subject. The courts of this, and all other States having a similar provision in their Constitution, uniformly hold that all that is required to satisfy this provision of the Constitution is that the provisions of a statute shall be congruous, germane, connected and fairly relate to the same subject; have a natural connection with it, and are the incidents or the means of accomplishing it, then the subject is single, and if sufficiently expressed in the title, is valid. St. Louis v. Tiefel, 42 Mo. 578; State ex rel. v. Mead, 71 Mo. 268; State v. Bennett, 102 Mo. 356; State ex rel. v. Hughes, 104 Mo. 640; State ex rel. v. Miller, 100 Mo. 440; State ex rel. v. Bronson, 115 Mo. 271; Lynch v.

Murphy, 119 Mo. 163. (2) Nor is said law obnoxious to said constitutional provision which requires that the subject shall be clearly expressed in the title. Bish. on Stat. Crimes, sec. 45. "Marginal notes, where they are parts of the authentic records of the statutes, and especially where they are in any way attached to the bill during its passage through the legislative body, may be regarded similarly to the title. And what is in form a marginal note may be a part of the statute itself." Bish. on Stat. Crimes, sec. 61; In re Venour's Settled Cases, 2 Ch. D. 525; Rex v. Mulverton, 5 A. & E. 854; Cooley's Const. Lim. (1 Ed.), pp. 143, 144; State v. Blackstone, 115 Mo. 424; State v. Murlin, 137 Mo. 305; State ex rel. v. Slover, 134 Mo. 16; State ex rel. v. Ranson, 73 Mo. 88; People v. Molineux, 53 Barb. 9; Leard v. Leard, 30 Ind. 171; Chambers v. State, 25 Tex. 307; State v. Clare, 5 Iowa 509; Van Riper v. Parsons, 40 N. J. L. 126; Bird v. Wasco Co., 3 Ore. 282. An act may be amended or revised or repealed and substituted by reference to the chapter, article or section of the original act, if the matter in the new act might have been incorporated in the original law under its title. Arnault v. New Orleans, 11 La. Ann. 56; State v. Garret, 29 La. Ann. 637; State v. Brown, 41 La. Ann. 771; People v. Hills, 35 N. Y. 449; Doggett v. State, 17 Neb. 143; State v. Babcock, 23 Neb. 128; People v. Judge, 39 Mich. 195; Callahan v. Chipman, 59 Mich. 616; Fenton v. Yule, 27 Neb. 758; State ex rel. v. Heege, 135 Mo. 112; State ex rel. v. County Court, 128 Mo. 440. (3) In this State no one has a vested right to practice the learned professions, or to continue the practice thereof, free from the control of the Legislature. The creation of a Board of Examiners with authority to determine as to who shall practice dentistry is a proper exercise of authority. Cooley on Torts, pp. 289, 290; Tied. on Police Powers, secs. 87, 88; State v. Hathaway, 115 Mo. 36; Austin v. State, 10 Mo. 591; Simmons v. State, 12 Mo. 268; St. Louis v. Steinberg, 69 Mo. 299; State ex rel. v. Gregory,

83 Mo. 123; State ex rel. v. Board of Health, 103 Mo. 22. (4) Said act does not invest said dental board with judicial functions. "A judicial duty within the meaning of the Constitution is such a duty as legitimately pertains to an officer in the department designed by the Constitution as judicial." State v. Hathaway, 115 Mo. 36; State ex rel. v. Seibert, 130 Mo. 202; State ex rel. v. Fladd, 108 Mo. 614. (5) The indictment in this case is good and need not set out the names of persons practiced on by defendant. State v. Little, 76 Mo. 52; State v. Smith, 60 Mo. App. 283; State v. Bennett, 102 Mo. 364. (6) There is no merit in the contention that the burden is on the State to prove that defendant does not belong to one of the classes (practicing dentistry) excepted from the operation of this law. Such exemption if existing must be insisted on by way of defense by the party accused. State v. O'Brien, 74 Mo. 549; State v. Crenshaw, 41 Mo. App. 24; State v. Smith, 60 Mo. App. 287; State v. Cox, 32 Mo. 568. (7) No evidence is admissible in this prosecution tending to show that defendant has complied with all the requirements of the law to entitle him to registration by the dental board, and that said board has wrongfully or arbitrarily denied him same. The requirement of this law is that no person shall practice or continue the practice of dentistry in this State without being registered by the board of dental examiners. Defendant is without this authority and cannot plead as an excuse that he violated the law, because the dental board first violated the law in refusing him registration, and that therefore the inhibition of the State upon him is waived. Kansas City v. Flanders, 71 Mo. 281; State v. Jamison, 23 Mo. 330; State v. Huntley, 29 Mo. App. 278. If defendant has been wronged by any action of the dental board, he has a complete and adequate remedy by mandamus to compel said board to register him. State ex rel. v. Lutz, 136 Mo. 633. The burden is on defendant to show

194 Sup—26

he had license.   Schmidt v. State, 14 Mo. 137; State v. Durkin, 23 Mo. App. 387; St. Louis v. Weitzel, 130 Mo. 613; State v. Hathaway, 115 Mo. 36; St. Louis v. Lamp Co., 139 Mo. 571.

FOX, J.—This cause is here on appeal by the defendant from a judgment of conviction in the criminal court of Jackson county, Missouri, at Kansas City, for practicing dentistry without being a duly and legally registered dentist and without a license therefor and without any other legal authority so to do.   The information in this cause was filed by the prosecuting attorney of Jackson county on the 28th day of December, 1903.    Omitting formal parts the offense was thus charged:

"Now comes Roland Hughes, prosecuting attorney for the State of Missouri, in and for the body of the county of Jackson, and upon the affidavit of S. C. A. Rubey hereto annexed and herewith filed, informs the court, that D. L. Doerring, whose Christian name in full is unknown to said prosecuting attorney, late of the county aforesaid, on the 10th day of March, 1902, at the county of Jackson, State of Missouri, did unlawfully and willfully practice dentistry and dental surgery, by performing dental operations, treating diseases and lesions of the human teeth and jaws, and by attempting to correct malpositions and by filling teeth, for a fee, salary and reward to him, the said D. L. Doerring, to be paid, without being then and there a duly and legally registered dentist, and without having a license therefor, and without any other legal authority so to do, said unlawful practice of dentistry and dental surgery by him the said D. L. Doerring not being then and there performed while a bona-fide student of dentistry, in the pursuit of clinical advantages while in attendance upon a regular course of study in a reputable dental college, and not under the direct supervision of a preceptor, who was at the time a licensed dentist in said State, and he,

the said D. L. Doerring, not being then and there a legally qualified physician in the regular discharge of his duties, against the peace and dignity of the State."

Defendant filed his motion to quash this information for the reasons assigned in said motion, that the information failed to state facts sufficient to constitute an offense under the laws of this State and that the act of the Legislature, commonly called "The Dentistry Act," upon which this charge was predicated, was unconstitutional and void. This motion was taken up by the court and overruled. At the commencement of the trial the defendant objected to the introduction of any evidence in this case under the information filed for the following reasons:

"1st. That article 3 of chapter 128 of the Revised Statutes of Missouri of 1899, said article being the law that the defendant is charged with having violated, and being an act passed in 1897, by the General Assembly of the State of Missouri, entitled 'An act to repeal article 3 of chapter 110 of the Revised Statutes of Missouri of 1889, and to enact a new article in lieu thereof, to be known as article 3 of chapter 110,' is unconstitutional and void and of no force or effect in that said act is in contravention of the provisions of section 28 of article 4 of the Constitution of the State of Missouri.

"2nd. That said act of the Legislature of 1897 is in contravention of article 2, section 30, of the Constitution of the State of Missouri, in that it deprives certain classes of persons, citizens or individuals of property or rights without due process of law.

"3rd. Because said act of the Legislature of 1897 is in contravention of article 2, section 15, of the Constitution of the State of Missouri, in that said act is an *ex posto facto* law, or law impairing the obligation of contract, and retrospective in its operation.

"4th. Because said act of the Legislature of 1897 is unconstitutional in that it confers judicial power

upon the State Board of Dental Examiners not author-
ized by article 6, section 1, of said Constitution.''

Which said objections were by the court overruled.
The cause was then submitted to the court without the
aid of a jury, upon the following agreed statement of
facts:

''First.    That the law relative to the practice of
dentistry and dental surgery in the State of Missouri
was, first, 'An act entitled  an act to regulate the prac-
tice of dentistry in the State of Missouri,' passed and
approved February 20, 1883; that said act remained
in force until the same was repealed or attempted to be
repealed by an act of the  Legislature of 1897, known
as committee substitute for Senate bills 22 and 29, and
said act was  entitled, 'An Act to  repeal article 3 of
chapter 110 of the Revised Statutes of Missouri of 1889,
and to enact a new article in lieu thereof, to be known as
article 3 of chapter 110,' which said act was approved
March 19, 1897.

''Second. That the defendant, D. L. Doerring, prior
to the passage of the act of 1897, was a duly registered
dentist, and was practicing dentistry and dental surgery
in Kansas City; that on the 21st day of May, 1897, said
defendant, having complied with the laws of the State
of Missouri, in force at that time, received from the
clerk of the county court of Jackson county, Missouri,
a dentist's certificate in compliance with the laws of
the State of Missouri of said date; that said certificate
is in words and figures following, to-wit:

''  'DENTIST'S CERTIFICATE.

''  'No. 279.

''  'Know all men by these presents, that D. L. Doer-
ring, a resident of Kansas City, in the county of Jack-
son and State of Missouri, has this day complied with
the requirements of the law of the State of Missouri,
entitled 'An act to regulate the practice of dentistry in
the State of Missouri, approved February 20, 1883,' by
filing a copy of a diploma sworn to by him, duly issued

to him on the 2nd day of March, 1896, by the Kansas City College of Dental Surgery, which said college is located in the city of Kansas City, State of Missouri, and is duly established under and by virtue of the laws of the State of Missouri.

" 'In testimony whereof I have hereunto set my hand and affixed the seal of the county court of said county, at office, in the city of Kansas City, this 21st day of May, 1897.

" ' (Seal.)          T. T. CRITTENDEN, JR., Clerk,
                    " 'By S. K. FARR, D. C.'

"Third.  That on the 3rd day of August, 1897, the Missouri State Board of Dental Examiners received said certificate from the defendant herein, and also application for certificate under the law of 1897, together with fee of one dollar, which it had kept, and that thereafter, on September 24, 1899, the defendant was refused registration by said Board of Dental Examiners, in a letter. of which the following is a copy:

W. M. BARTLETT, President, St. Louis.

S. C. A. RUBY, Secretary, Clinton.      H. S. LOWERY, Kansas City.

L. E. JENKINS, Fredericktown.        W. W. BIRKHEAD, Louisiana.

" 'MISSOURI STATE BOARD OF DENTAL EXAMINERS.

OFFICE OF SECRETARY.

" 'Clinton, Mo., Sept. 24, 1897.
" 'Dear Doctor:—I herein return you your certificate of registration.  Board declines to acknowledge diplomas from the school from which you are graduated, and it will be necessary for you to make application for examination before this Board at its next meeting, on the enclosed blank, at once, sending the endorsement or recommendation of some dentist, known to this Board, as to your competency.  Pending such examination you will be permitted to practice dentistry.  Fee for examination of $10, and you are credited with $1.  Should you

apply for examination this dollar will be applied on examination fee; if you do not, I will return it.

" 'Next meeting of the Board will be held in about two months, due notice of which will be sent you if you apply for examination. If you neglect to apply for examination, it will become my duty to take steps toward prosecuting you for practicing dentistry in violation of the law.                    Yours truly,

S. C. A. RUBY.'

"And that ever since said date said Board has refused to register said defendant; that defendant has been ready and willing and able to pay and has tendered to said board the annual fee of $1, but that said State Board of Dental Examiners has refused and still refuses to receive said payment, and has at all times refused to issue a certificate of registration to defendant, though often requested to do so, and defendant has never received any certificate of registration from said Board of Dental Examiners.

"Fourth. That on the dates alleged in the information in Kansas City, Jackson county, Missouri, the defendant was engaged in the practice of dentistry and dental surgery for fee or reward to be paid.

"Fifth. It is further stipulated by plaintiff and defendant that upon the trial hereof further evidence may be introduced tending to prove or disprove the allegations of the information, subject to objections as to the relevancy, materiality and competency thereof."

The defendant then offered in evidence a certified copy of an act of the General Assembly, entitled " An act to repeal article 3 of chapter 110 of the Revised Statutes of Missouri, of 1889, and to enact a new article in lieu thereof, to be known as article 3 of chapter 110." It is unnecessary to reproduce this law as offered in evidence. It will receive such attention as is necessary during the course of the opinion.

Upon the submission of the cause the court found the defendant guilty and assessed his punishment at a fine of fifty dollars. Motions for new trial and in arrest of judgment were duly filed and by the court taken up and overruled. Judgment in pursuance of the verdict was duly rendered and from this judgment defendant prosecuted his appeal to this court and the record is now before us for consideration.

## OPINION.

The record presents but one question for consideration, that is, the validity of the law upon which this prosecution is predicated.

Preceding the commencement of the trial, as well as during the progress of it, and in the motion for new trial, learned counsel for appellant challenged the constitutionality of the law upon which this judgment rests, and this is the only question confronting us for consideration.

The Attorney-General has filed a brief in this cause in which the questions presented are fully and exhaustively treated; however, for the appellant we are not favored with any suggestions as to his complaints or the correct solution of the propositions involved in the record; hence for the assignment of errors we must look to the objections interposed at the commencement of the trial.

I. The law upon which this prosecution is based is one to regulate the practice of dentistry in this State. [Laws 1897, p. 166.] The subject of regulating the practice of dentistry in this State was first treated of by the General Assembly in 1883. [Laws 1883, p. 114.] The act of 1883 upon this subject went into the revision of 1889. The act of 1897, heretofore indicated, repealed the law upon this subject as contained in the revision of 1889.

Treating of the objections urged in the trial court, it was insisted that this law regulating the practice of dentistry was invalid, for the reason that it was in contravention of the provisions of section 28 of article 4 of the Constitution of this State, which provides that bills of this nature shall contain only one subject, which shall be clearly expressed in the title of the bill. The original act of 1883, of which the law of 1897 is a substitute, had the following head notes or caption to it: "Medicine and Surgery; Dentistry," followed with this title to the bill: "An act to regulate the practice of dentistry in the State of Missouri." The act of 1897 contained the following head note or caption to it: "Medicine and Surgery: Dentistry — State Board of Examiners." This was followed with this title to the bill: "An act to repeal article 3rd of chapter 110 of the Revised Statutes of Missouri of 1889, and to enact a new article in lieu thereof, to be known as article 3rd of chapter 110."

Upon the proposition that the act of 1897, known as the "Dentistry Act," treated of more than one subject, we will say that we have carefully analyzed the provisions of that law and have reached the conclusion that it simply contains but one subject, that is, to regulate the practice of dentistry in this State. The object and purpose of the constitutional provision was to prevent incongruous, disconnected matters, which had no relation to each other, from being joined in one bill, but it by no means contemplates that all matters that are germane to the principal subject and have a natural connection with it, may not be incorporated in the same bill.

In Ewing v. Hoblitzelle, 85 Mo. 64, the following rule taken from Sedgwick was approved: "Where all the provisions of a statute fairly relate to the same subject, have a natural connection with it, are the incidents or means of accomplishing it, then the subject is single, and if it is sufficiently expressed in the title the statute

is valid.'' This rule was approved by Judge BLACK
in State ex rel. Attorney-General v. Miller, 100 Mo.
439, citing, in support of such approval, St. Louis v.
Tiefel, 42 Mo. 578; State v. Mathews, 44 Mo. 523; State
v. Miller, 45 Mo. 495; City of Hannibal v. County of
Marion, 69 Mo. 571; State ex rel. v. Mead, 71 Mo. 268,
as substantially announcing the same rule as approved
in Ewing v. Hoblitzelle, supra. To the same effect is
State ex rel. v. Bronson, 115 Mo. 271, where it was ruled
that this section of the Constitution should be reasona-
bly and liberally construed and applied, due regard
being had to its object and purpose. It was again an-
nounced in that case that if all the provisions of the bill
have a natural relation and connection then the sub-
ject was single, and this, too, though the bill contains
many provisions. In Lynch v. Murphy, 119 Mo. 163,
the rule announced in the foregoing cases was approved
and followed.

While this act, the validity of which is challenged
by appellant, contains many provisions, yet it is made
manifest by an examination of the various sections con-
tained in the bill, that it treats of but one subject and
has but one object in view, and that is to regulate the
practice of dentistry in this State.

The aditional objection is made to this law that the
subject of which it treats, the regulation of the prac-
tice of dentistry in this State, is not clearly expressed
in the title of the bill as required by the constitutional
provision. The evident purpose of this constitutional
provision requiring the subject of the bill to be clearly
expressed in the title, is well stated in State ex rel. v.
Ranson, 73 Mo. 78. In discussing this constitutional
provision in that case this court said, that ''the adjudi-
cated cases, as well as the elementary writers, all con-
cur that it was to prevent the vicious practice of con-
joining, in the same bill, incongruous matters, and sub-
jects having no legitimate connection or relation to
each other, and in no way germane to the subject ex-

pressed in its title; that its subject was to prevent surprise or fraud upon members of the Legislature, rather than embarrass legislation by making laws unnecessarily restrictive. [Cooley on Const. Lim., 174; St. Louis v. Tiefel, 42 Mo. 590.] Some of the adjudicated cases have construed this provision with some strictness, but in the majority of them the rule is otherwise. In the case of State v. Miller, 45 Mo. 497, this court uses this language: 'The courts, in all the States where a like or similar provision exists, have given it a very liberal interpretation, and have endeavored to construe it so as not to limit or cripple legislative enactments any further than what was necessary by the absolute requirements of law.' Justice COOLEY, in his work on Constitutional Limitations (p. 178), says: 'There has been a general disposition to construe the constitutional provision liberally, rather than embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purpose for which it was adopted.' The Supreme Court of Louisiana in commenting on argument of counsel, which demanded a strict construction of a constitutional clause like this, uses this language: 'We think the argument invokes an interpretation of the constitutional clause too rigorous and technical. If in applying it we should follow the rules of a nice and fastidious verbal criticism, we should often frustrate the action of the Legislature without fulfilling the intention of the framers of the Constitution.' [Succesion of Lanzetti, 9 La. Ann. 333.]''

We therefore must approach the treatment of this proposition as to the necessity of expressing clearly the subject in the title of the bill required by the Constitution, with the full recognition of the rule that such constitutional provision must be reasonably and liberally construed and applied, due regard being had to its object and purpose.

It will be observed that the original act upon the subject of regulating the practice of dentistry, in

1883, was revised in chapter 110 of the revision of 1889. This chapter was headed: "Medicine, Surgery and Dentistry;" then followed the designation of the articles of which this chapter treated: first, article 1, Medicine and Surgery; article 2, Disposition of Human Bodies; article 3, Dentistry. When we turn to article 3 of the revision of 1889, it is headed, "Dentistry." Section 6610, Revised Statutes 1889, expressly provides that in the revision of the statutes the enacting clauses of the several acts, as also the words, "An act concerning," or other equivalent words in the title to the several acts, shall be omitted, substituting in lieu thereof other words expressive of the subject of the act or law.

It was held in State ex rel. v. Ranson, supra, that the acts as revised by the general statute may be taken as the original act and the title prefixed to the same by the general statute may be accepted as the title to such chapters, since this arrangement and heading of the general statutes is authorized by law and indeed has become a part of the law itself. [Gen. St. 1865, pp. 882, 883, secs. 1, 8, 9; R. S. 1879, p. 530, sec. 3164; People v. Molineaux, 53 Barb. 9.]

We have in the act of 1897 the general head notes as contained in the revision of 1889, that is, "Medicine and Surgery; Dentistry," with the additional head note of "State Board of Examiners;" then follows the statement, "An act to repeal article 3 of chapter 110 of the Revised Statutes of Missouri of 1889, and to enact a new article in lieu thereof, to be known as article 3 of chapter 110."

After a careful consideration of this proposition we have reached the conclusion that the title to the act of 1897 is a sufficiently definite expression of the subject to which the legislation in the act relates as renders it in harmony with the provision of the Constitution. It will be observed that by this act no change is sought in the chapter, other than in one of the articles of it. The chapter with its headings, which are accepted as its

title, remains the same; hence it is manifest that when the act of 1897 repeals article 3 of chapter 110 and enacts a new article in lieu of it, to be known as article 3rd of chapter 110, such new article must necessarily embrace the subject in the title of chapter 110 of that article, which was "Dentistry." In other words, it is clear by the act of 1897 that article No. 3, treating of the subject of dentistry, was to be retained in chapter 110, and while there were changes to be made in the body of the article, treating of the subject, the subject itself was to remain the same. Article 3 of chapter 110, as denoted in the heading of such chapter, is known only as the article upon the subject of dentistry; hence when the act of 1897 expressly says in its title that the new article shall be known as article 3 of chapter 110, it necessarily means the article 3 as designated in the title of that chapter, as "Dentistry." Chapter 110, at the very opening of the chapter, labels article 3 as being a law upon the subject of dentistry, hence the statement in the title of the act of 1897, that the new article shall be known as article 3 of chapter 110, to all intents and purposes labels that law as being upon the same subject designated by chapter 110, that of dentistry. The main purpose of the constitutional provision in requiring the subject of the legislation to be clearly stated in the title in the bill, was to prevent surprise or fraud upon members of the law-making body. The title to this act clearly informed the members of the Legislature as to the nature of the legislation sought by the bill. By the title of this bill they were referred to chapter 110, and informed that this act proposed to repeal article 3 of that chapter, and enact in lieu of or in place of it a new article to be known as article 3 of the same chapter. Turning to chapter 110, and the reference to it by the act of 1897 made it a part of the title to the act, the legislator would find the subjects treated of in that chapter, and would discover in addition that part of the title to the chapter designated article 3 treated of the

subject of dentistry; if the new article enacted was to
be known as article 3 of that chapter, the conclusion is
inevitable that the legislator seeking information would
readily realize that the subject of the new article to be
enacted must necessarily be that of dentistry. The
title to the act of 1897 makes it manifest that no one was
surprised or deceived thereby, and it is sufficiently defi-
nite to inform the members of the Legislature of the
nature and subject of the legislation sought to be en-
acted. While the title to the act indicates the enactment
of a new article, yet this did not mean a new article upon
a new subject, for it is made clear by the language em-
ployed in the title, that while the article was denomi-
nated a new one, it was to be confined to the same sub-
ject, and the body of the act itself emphasizes the truth
of this fact for it was confined to the same subject as the
former legislation which was repealed by it.

The case of Brandon v. State, 16 Ind. 197, was ap-
proved by this court, in State ex rel. v. Ranson, supra.
It was said by the Indiana court that ''if the title of an
original act is sufficient to embrace the provision con-
tained in an amendatory act, it will be good, and it need
not be inquired whether the title of the amendatory act
would, of itself, be sufficient.'' In State ex rel. v.
County Court, 128 Mo. 427, it was ruled that the mere
generality in the title will not vitiate an act of the Gen-
eral Assembly unless the title is of such a nature as to
compel a conviction that it was designed to mislead as
to the subject dealt with.

It is clearly the province of the law-making power
to decide upon the title of an act, and at least some de-
ference must be paid to their decision, and an act should
not be declared unconstitutional for the reason that it
fails to clearly express the subject by its title, unless it
clearly violates that command of the Constitution.
[Dogge v. State, 17 Neb. 140.] In addition to this, in
State v. Murlin, 137 Mo. 297, this court, in indicating
the title of an act under discussion, included the general

caption or head-note of the act, similar to the caption or head-note of the act now under discussion, as being a part of the title of the law, and we see no valid objection, when head-notes, as in this instance, "Medicine and Surgery; Dentistry: State Board of Examiners," are placed there by the Legislature during the consideration of the bill, to construing such general head-notes or caption of the bill as a part of the title of the law.

II.    The act of the Legislature of 1897, which is challenged in this proceeding, is not violative or in contravention of section 30 of article 2, of the Constitution of the State of Missouri, in that it deprives certain classes of persons, citizens or individuals of property or rights without due process of law.

It is sufficient to state upon this proposition that the question of the power of the Legislature to regulate the practice of those trades and professions that require particular skill and learning, the practice of which necessarily affects the public, was fully discussed in State v. Davis, *infra,* page 485. It was held in that case that the Legislature had full power to enact such laws and that they in no way deprived persons of any vested rights or property.

III.    This act does not invest the dental board with judicial functions in violation of the provisions of the Constitution. This was expressly ruled where a similar principle was involved, in State v. Hathaway, 115 Mo. 36.

IV.    The indictment in this cause properly charges the offense, and there was no necessity to allege in the pleading the names of the persons upon whom the defendant practiced his profession of dentistry. [State v. Little, 76 Mo. 52.]

V.    The burden in the trial of this cause was not upon the State to prove that defendant did not belong

State v. Doerring.

to one of the classes practicing dentistry which were excepted from the operation of the statute, as urged in the contention of the appellant. It will be noted that the classes excepted from the operation of this law are enumerated in a different section; therefore, if defendant was within the class so excepted that was a matter of defense, and the burden of proof was upon him. It was ruled in State v. O'Brien, 74 Mo. 549, that "when an exception is contained in a statute defining an offense and constitutes a part of the offense, an indictment for such offense must negative the exception; but when the statute contains a proviso exempting a class therein referred to from the operation of the statute, an indictment need not negative the proviso. The accused must make the exemption a ground of defense."

VI. The offense with which defendant is charged is practicing dentistry without having a license so to do as provided by the statute, and it is admitted in the agreed statement of facts that he practiced his profession and had no such license, hence the contention of appellant that he had fully complied with the provisions of the law and that the board improperly refused to issue the license, cannot avail him anything in this proceeding. If he had substantially complied with all the provisions of the statute, and the board wrongfully withheld from him a license, then he must resort to some appropriate remedy to compel the issuance of such license. If he practiced his profession without having the authority so to do as provided by the statute, the offense was complete, and it can make no difference, so far as this proceeding is concerned, whether the board acted justly or unjustly with him in the matter of refusing to issue the license.

We have thus given expression to our views upon the propositions presented in the record, and finding no reversible error, the judgment should be affirmed, and it is so ordered.

All concur.