THE STATE OF MISSOURI, Respondent, v. A. S. McCLEARY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

1. **PHYSICIANS AND SURGEONS: License: Police Power.** The statute under the police power has the right to determine upon what conditions and under what circumstances its citizens shall be entitled to pursue any vocation and require a physician to comply with such provisions before practicing his profession.

2. ———: ———: **Statute.** Under the act of 1903 the graduate of a medical college who matriculated prior to March 12, 1901, is not placed in the class of persons exempt from the requirement of obtaining a license as a condition precedent to the practice of medicine, but the act merely provides that such matriculant upon his graduation by complying with the conditions of the statute shall be entitled to a license without the examination otherwise required in the statute.

3. ———: ———: **Qualifications: Evidence.** Though a physician be duly qualified for licensure and his application therefor is wrongfully refused by the board of health, he still cannot practice medicine, and evidence of such qualifications and such wrongful refusal are incompetent on a trial of an information for practicing medicine without a license.

4. ———: ———: **Information.** An information for practicing medicine without a license set out in the opinion is held sufficient.

Appeal from Cass Circuit Court.—*Hon. Chas. A. Denton,* Special Judge.

AFFIRMED.

*J. A. McLane* and *A. A. Whitsitt* for appellant.

(1) The defendant filed motion to quash the information, because it failed to charge any offense against defendant under the laws of this State, and the same should have been sustained. (2) At the trial the court erred in refusing to allow defendant to show that he was a student in a medical college prior to March 12, 1901, and in announcing to the attorneys, and in

the presence and hearing of the jury that there was but one question in this case—"has this man a license or hasn't he; that is the sole question for me and this jury." (3) The court also erred in ignoring all the exceptions contained in the law, pertaining to the practice of medicine and surgery, both in the information and in the evidence and in the instructions to the jury. Nowhere in the instructions were the jury required to, or did they pass upon any of the exceptions enumerated in the law and in this brief.

*J. S. Brierly*, Prosecuting Attorney, and *W. D. Summers* for respondent.

(1) The original information having been filed within one year after the date of the commission of the offense charged, the prosecuting attorney had the right thereafter at any time, to file an amended information without suffering the operations of the Statute of Limitations. R. S. 1899, secs. 2420, 2422; State v. Hansbrough, 181 Mo. 348. (2) The amended information upon which defendant was convicted sufficiently charges the offense; it is fully up to the forms which have been approved by the Supreme Court of this State in such cases. State v. Davis, 194 Mo. 485. (3) The law under which the information was drawn and conviction had, has been passed upon by the Supreme Court of this State and upheld. State v. Davis, 194 Mo. 485. (4) The section of the statute defining the offense with which defendant is charged except as a class therefrom, "physicians now registered." The information charges defendant with practicing medicine without a license to do so, and without any other legal authority so to do, etc., thereby generally negativing any other exception in the law which would excuse the act charged. Such allegation is sufficient. State v. Brown, 8 Mo. 210; State v. Jaques, 68 Mo. 261; Austin v. State, 10 Mo. 595. (5) The exception of the classes as contained in

the legislative act constitutes no part of the definition of the offense, and for that reason it was unnecessary that the information should aver the negative of the exceptions. State v. Elam, 21 Mo. App. 290; State v. O'Brien, 74 Mo. 549; State v. Doerring, 194 Mo. 415; State v. Smith, 60 Mo. App. 283; State v. Handler, 178 Mo. 42; State v. Bostruck, 136 Mo. 351; State v. Broeder, 90 Mo. App. 165; State v. Quinn, 170 Mo. 176.

(6) If defendant, on or prior to March 12, 1901, had matriculated in a medical college and had secured his diploma therefrom, this under the amendment of 1903 (Session Acts 1903, page 241), might have justified the State Board of Health in issuing to him a license to practice medicine, but it having been shown that no such license was ever issued to him, and this being the only defense offered, it was properly rejected. State v. Doerring, 194 Mo. 415.

JOHNSON, J.—On May 19, 1905, defendant was indicted on a charge of practicing medicine and surgery in Cass county on the 22d day of April, 1905, "without first having obtained from the State Board a certificate authorizing him to so practice," etc. March 17, 1906, on motion filed by defendant, the indictment was quashed and the prosecuting attorney on the same day filed an information against defendant in part as follows:

"That A. S. McCleary, not being a registered physician, on March 12, 1901, late of the county aforesaid, on the 22d day of April 1905 at the county of Cass, State aforesaid, did unlawfully practice medicine and surgery and did then and there treat the sick and afflicted by prescribing for and treating medicinally and professionally as a physician, one J. B. Hobbs, without first having obtained from the State Board of Health, of the State of Missouri, a license authorizing him, the said A. S. McCleary, to practice medicine and surgery."

130 App.—34

Afterward, on the 11th day of September, 1906, the following amended information was filed: "For amended information, on his official oath, D. C. Barnett, prosecuting attorney within and for the county and State aforesaid, informs the court that A. S. McCleary, late of the county aforesaid, on the 22d day of April, A. D. 1905, at the county of Cass, State aforesaid, did unlawfully practice medicine and surgery and did then and there treat the sick and afflicted by examining, diagnosing, operating upon, prescribing for and treating medicinally and professionally as a physician, one J. B. Hobbs, without first having obtained from the State Board of Health of the State of Missouri, a license to so practice medicine and surgery or so to treat the sick and afflicted and without any legal authority so to do; he, the said A. S. McCleary, heretofore, at the May term of this court, 1905, and on the 19th day of May, 1905, having been indicted by the grand jury for the State of Missouri, summoned from the body of Cass county, empanelled, charged and sworn, for the same offense as herein charged, which indictment was pending in this court from the last date aforesaid until the same was quashed and set aside by the filing by said prosecuting attorney on March 17, 1906, of the information in this cause, of which information this is the amended information, and the entering by the said prosecuting attorney of a *nolle* to said indictment in this court on the 24th day of March, A. D. 1906, on account of said indictment being defective, against the peace and dignity of the State."

A motion to quash the amended information filed by defendant was overruled, the cause went to trial, was submitted to the jury, verdict of guilty was returned and a fine of fifty dollars was assessed against defendant, who, after ineffectually moving for a new trial and in arrest of judgment, brought the case here by appeal.

The fact that defendant gave medical treatment to

the person named in the indictment and informations at the time and place specified is established conclusively by the evidence of the State and is not denied by defendant. It is conceded that the services were not gratuitous; that defendant had no license from the State Board of Health to practice medicine and surgery in this State; that he was not a registered physician on March 12, 1901, and was not a commissioned surgeon of the United States army, navy and marine hospital service. In support of his claim that he had a right to practice medicine, defendant offered to prove that in 1900, he matriculated (*i. e.* was enrolled as a pupil) in the Eclectic Medical University of Kansas City, Missouri, pursued a four years' course of study therein, graduated and received a diploma therefrom in 1904; that he presented to the Board of Health competent evidence of these facts, together with proof of his good moral character, tendered payment of the license fee of fifteen dollars and requested that a license be issued to him, but that the Board arbitrarily and without good cause refused to grant the license. The refusal of the trial court to admit this evidence is one of the grounds urged for a reversal of the judgment. Defendant argues that the facts he offered to prove entitled him to practice his profession without a license while the state contends that they go no further than to prove his eligibility to receive a license but that without a license regularly issued to him by the State Board of Health, he had no lawful right to practice in this State. It appears that after the license was refused him, defendant filed a petition in the Supreme Court for a writ of mandamus against the Board to compel it to issue him a license. An alternative writ was granted and on final hearing, a peremptory writ was issued. [State ex rel. McCleary v. Adcock et al, 206 Mo. 550.] In the opinion filed, the Supreme Court held that the Board had acted arbitrarily, that its duties with respect to the granting of such

license were ministerial, not judicial, and that the relator (defendant here) was entitled to the extraordinary remedy invoked. But the question now before us was not decided and we must go to the statutes to ascertain whether defendant being qualified to receive a license and being wrongfully deprived of it could practice lawfully without it. Pertinent provisions of the statutory law are to be found in "An Act to Regulate the Practice of Medicine," etc., approved March 12, 1901 (Laws 1901, p. 207, et seq.), from which we quote the following sections:

(1) "It shall be unlawful for any person not now a registered physician within the meaning of the law to practice medicine or surgery in any of its departments, or to profess to cure and attempt to treat the sick and others afflicted with bodily or mental infirmities, or to engage in the practice of midwifery in the State of Missouri, except as hereinafter provided:"

(5) "Any person, except physicians now registered, practicing medicine or surgery in this State, and any person attempting to treat the sick or others afflicted with bodily or mental infirmities without first obtaining a license from the State Board of Health, as provided in this act, shall be deemed guilty of a misdemeanor and punished by a fine of not less than fifty nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than thirty days nor more than one year," etc.

(9) "It is not intended by this act to prohibit gratuitous service to and treatment of the afflicted, and this act shall not apply to commissioned surgeons of the United States army, navy and marine hospital service."

In 1903 (Session Acts, p. 240), the Legislature amended the section last quoted to read as follows: "It is not intended by this act to prohibit gratuitous service to and treatment of afflicted and this act shall not apply to commissioned surgeons of the United States

army, navy and marine hospital service nor to any student who has matriculated in a medical college on or prior to March 12, 1901, and it shall be the duty of said board of health on receiving a fee of fifteen dollars from said student to issue to him a license to practice medicine when said student presents a diploma from any medical college of this State."

The Supreme Court in State v. Davis, 194 Mo. 485, sustained the validity of the provisions of the act under consideration, on the ground that as a part of its police power, the State has the right to determine upon what conditions and under what circumstances its citizens shall be entitled to pursue any vocation and declared that in order for a physician to practice his profession in this State, he must comply with the conditions imposed upon him by the law in force at the time he undertakes to engage in such practice. Section 5 unequivocally prohibits any person except physicians registered at the time of the approval of the act from practicing medicine or surgery without first obtaining a license from the State Board of Health. Section 9 excepts another class of persons from the operation of section 5. Therefore, the act of 1901 when considered as a whole, required all persons who desire to practice in this State to obtain a license except registered physicians and commissioned surgeons of the United States army, navy and marine hospital service, and provided a penalty for the violation of its provisions. Section 3 required all persons who applied for a license to appear before the Board of Health and "be examined as to their fitness to engage in such practice" and did not except from such examination applicants who had matriculated in a medical college prior to March 12, 1901, and afterwards received a diploma therefrom. It is clear that in the amendment of section 9, the Legislature expressed no intention of placing a graduate from a medical college who had matriculated prior to March 12, 1901,

among the classes of persons exempt from the requirement of obtaining a license as a condition precedent to the practice of their profession, but did intend to provide that such graduate by complying with the conditions imposed should be entitled to a license without being subjected to the ordeal of undergoing the examination required in section 3. If the Legislature intended to exempt a "student who has matriculated in a medical college on or prior to March 12, 1901," from the necessity of obtaining a license, why did it make it the duty of the board to issue him a license "on receiving a fee of fifteen dollars from said student when said student presents a diploma from any medical college of this State?" Manifestly, defendant, as such student, was not placed by the amendment in the same class with registered physicians and army surgeons and could not practice his profession legally without first obtaining a license.

The fact that he proved himself to be qualified to receive a license and the Board improperly refused to issue it did not excuse defendant from liability to answer for his violation of the law. The precise point was decided adversely to his contention by the Supreme Court in State v. Doerring, 194 Mo. 415, where it is said: "The offense with which defendant is charged is practicing dentistry without having a license so to do as provided by the statute, and it is admitted in the agreed statement of facts that he practiced his profession and had no such license, hence the contention of appellant that he had fully complied with the provisions of the law and that the Board improperly refused to issue the license, cannot avail him anything in this proceeding. If he had substantially complied with all the provisions of the statute, and the board wrongfully withheld from him a license, then he must resort to some appropriate remedy to compel the issuance of such license. If he practiced his profession without having the authority so to do as provided by the statute, the offense was complete, and it

can make no difference, so far as this proceeding is concerned, whether the board acted justly or unjustly with him in the matter of refusing to issue the license."

It follows that the trial court committed no error in refusing to receive the evidence under consideration, nor do we find error in the instructions given. The only issue of fact to go to the jury was whether the defendant practiced as a physician for hire, on the person and at the time and place charged in the information, and this issue was properly submitted.

Points made by defendant against the sufficiency of the information have been examined and found to be without merit.

The judgment is affirmed. All concur.