## MELVILLE *v.* THE STATE OF INDIANA.

[No. 21,368. Filed October 26, 1909. Rehearing denied January 14, 1910.]

1. INDICTMENT AND INFORMATION.— *Unlawfully Practicing Medicine.*—An affidavit charging that defendant, at a certain time and place, did then and there engage in the practice of medicine, he not having then and there a license to practice medicine under the laws of the State of Indiana, follows the statute (§8409 Burns 1908, Acts 1901, p. 475, §3), and is sufficient. p. 354.

2. STATUTES.—*Modification.—Practicing Medicine.—Licenses.*—Section 8411 Burns 1908, Acts 1901, p. 475, §4, providing, among other things, that any person holding a diploma from an osteopathic college, upon payment of a certain fee shall be granted a certificate and license to practice osteopathy, was modified by §8404 Burns 1908, Acts 1905, p. 194, providing that any practicing osteopathist holding a diploma from a reputable college of osteopathy shall be entitled to pass an examination for a license to practice osteopathy. p. 356.

Melville *v.* State—173 Ind. 352.

3. PHYSICIANS AND SURGEONS.— *Licenses.— Osteopathy.*—Under §8404 Burns 1908, Acts 1905, p. 194, providing that all practicing osteopaths holding diplomas from reputable medical colleges, who shall pay a certain fee, shall be entitled to pass an examination for license, it is not the mere payment of the fee, but the receipt of the license after passing the examination, which entitles the applicant to practice osteopathy; and denominating the examination fee a "license" fee makes no difference.  pp. 356, 360.

4. CRIMINAL LAW.—*Pleas in Bar.—Averments.—Inferences.—Physicians.—Licenses.*—Where a physician was charged with practicing medicine without a license, a failure to allege in his special plea in bar that he had passed an examination, or that he was qualified to receive a certificate, or that he had received a certificate but had failed to secure a license thereon, leaves the inference that such things had not been done.  p. 357.

5. CRIMINAL LAW.—*Pleas in Bar.—Inferences.—Physicians.—Licenses.*—The failure of an osteopathist charged with practicing medicine without a license, to allege in his special plea in bar that he was practicing osteopathy only, leaves the inference that he was practicing medicine generally.  p. 357.

6. CRIMINAL LAW.—*Plea to Jurisdiction.—Information.—Attestation Before Notary from Another County.*—A plea to the jurisdiction, where the affidavit was sworn to before a notary public residing in another county but described as of the county in which the affidavit was filed, alleging that such person was never a notary public of the county in which the affidavit was filed, is bad, since a notary public's jurisdiction is coëxtensive with the limits of the state.  p. 358.

7. CRIMINAL LAW.—*Pleas in Abatement.—Construction.*—Pleas in abatement must be strictly construed, no presumptions being indulged in their favor.  p. 358.

8. CRIMINAL LAW.—*Licensing Physicians.*—The legislature has the constitutional power to provide for the licensing of physicians.  p. 358.

9. EVIDENCE.—*Receipt for License to Practice Medicine.—Physicians.*—It is not erroneous to refuse to permit the defendant to introduce in evidence, as a license to practice medicine, a receipt for the payment of an examination fee, no license ever having been issued or examination passed.  p. 358.

10. PHYSICIANS AND SURGEONS.—*Wrongfully Withholding License of.—Remedy.*—Physicians whose licenses have been wrongfully withheld have a remedy therefor.  p. 359.

11. PHYSICIANS AND SURGEONS.—*Licenses.—Requirements.—Osteopaths.*—The mere fact that a practicing osteopathist in 1901, who held a diploma from a reputable medical college, paid his

examination fee, does not give him a right to practice, though he has successfully passed the prescribed examination, since under §8405 Burns 1908, Acts 1901, p. 475, §1, the State Board of Medical Registration and Examination may refuse to grant a license on the ground of the immorality of the applicant.   p. 359.

From Criminal Court of Marion County; *James A. Pritchard,* Judge.

Prosecution by The State of Indiana against Alansing B. Melville.   From a judgment of conviction, defendant appeals.   *Affirmed.*

*Barrett & Barrett,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White, W. H. Thompson, E. R. Hooton,* Prosecuting Attorney, and *Gavin & Davis,* for the State.

HADLEY, J. — Appellant was convicted on an affidavit for practicing medicine without a license, in violation of §8410 Burns 1908, Acts 1897, p. 255, §9, which reads as follows: "Any person who shall practice medicine, surgery or obstetrics in this State without having a license duly issued as hereinbefore provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined," etc.

Appellant's motion to quash the affidavit was overruled, which ruling is properly questioned by the assignment of error.

It is charged in the affidavit that the appellant is a resident of Marion county, Indiana, and that on November 1, 1906, at said county and State, he did then and there engage

1. in the practice of medicine, he not having then and there a license to practice medicine under the laws of the State of Indiana.   This charge fully conforms to that provision of the statute which appears in these words: "In charging any person in an affidavit, information or indictment with a violation of this law by practicing medicine, surgery or obstetrics without a license, it shall be sufficient

to charge that he did, upon a certain day and in a certain county, engage in the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same." §8409 Burns 1908, Acts 1901, p. 475, §3.   Besides, this holding is in line with the case of *Parks* v. *State* (1902), 159 Ind. 211, 55 L. R. A. 190, to which we adhere.   The motion to quash was properly overruled.

Upon the overruling of appellant's motion to quash, he filed a special plea in bar, in effect that on March 11, 1901, at the time of the passage of the act under which he was being prosecuted, he was, and for many years before had been, a *bona fide* resident of Indiana, and the holder of a diploma duly granted and issued to him by the National School of Osteopathy, located in Chicago, Illinois; that on April 3, 1901, and after said act had become a law, he presented and delivered his said diploma to the State Board of Medical Registration and Examination, in accordance with the requirements of said act, and paid to said board the license fee required by said act, and there was thereupon issued to him by said board the following certificate:

"Office of State Board of
                Medical Registration and Examination,
                                Indianapolis, April 3, 1901.
      Received of Alansing B. Melville, $10 in payment of
legal fee upon diploma for certificate.
                                W. F. Curryer, Secretary."

That since the issuance thereof he has been acting under and in pursuance of said certificate; that he has complied with the law, and his diploma, which is in full force and effect, is still in the possession and custody of said board; that said board has ever since retained the license fee so paid by him as aforesaid, and has at no time canceled or withdrawn the authority given and granted by said certificate.   Wherefore, he says that, having complied with all

the requirements of said act, he should be discharged, etc. To this plea the State successfully demurred for insufficiency of facts.

In support of his plea in bar, appellant argues that the diploma held by him from a school of osteopathy, at the time the law went into effect, entitled him to a license to practice medicine, and having applied to said board for a certificate, exhibited and filed with the board his diploma, paid the legal fees, and done, as he avers, all that he was required by the law to do, and his license being wrongfully withheld, he had a right to practice medicine. In this contention he has fallen into error. He relies upon the proviso in the act of 1901 (Acts 1901, p. 475, §4, §8411 Burns 1908), which proviso was in effect repealed, or at least modified, by the act of 1905 (Acts 1905, p. 194, §8404 Burns 1908), which latter act provides: ''That any osteopathist now practicing in and a resident of the State of Indiana and holding a diploma from a reputable college of osteopathy, as determined by the State Board of Medical Registration and Examination, shall be eligible to an examination on proper application to the said board, and should he pass this examination, that he shall be granted a certificate for a license forthwith to practice osteopathy in the State of Indiana.''

2.

In the first place, it is not averred that the institution that granted to him the diploma was ''a reputable college of osteopathy, as determined by the board,'' nor that he had applied for, nor had requested of the board, an examination, nor that the board had refused him an examination, nor that he had successfully passed an examination. The mere delivery of the diploma to the board, and the payment to it of $10 as a fee, upon which appellant counts, of themselves, amount to nothing. Calling the money paid a license fee does not make it a license fee. The statute requires the payment of $10 to the board as an examination fee, to determine whether the candidate for license is a fit person to receive it. The payment of the $10 secures to the candi-

3.

date no privilege or advantage beyond the right to an examination by the board as to fitness to exercise a license. The board has no power to issue a license, or to collect fees for their issuance. Upon a successful examination the board will issue to the candidate a certificate which will entitle the holder to a license upon his presenting the same to the clerk of the county where he resides and the payment of a fee of fifty cents. §8401 Burns 1908, Acts 1899, p. 247, §1.

Because the contrary is not alleged, we infer that appellant never had an examination by the state board, or if he had been so examined he failed to prove himself qualified to receive a certificate; or if he had, in fact, received a certificate, he never presented it to the county clerk and requested the issuance of a license upon it. If any of these assumed facts existed, appellant was not entitled to a license.

According to appellant's plea, he had no qualification or right to a license to practice medicine, beyond that conferred by his diploma received from the Chicago School of Osteopathy. If we grant that the school that issued him the diploma was a reputable and an approved school of osteopathy, that would not strengthen the answer. His failure to affirm that he was practicing osteopathy only is equivalent to an admission that he was practicing medicine generally, and the very most he can claim the right to do was to practice osteopathy. The statute reads: "The board may grant limited certificates which shall authorize the proper clerk to issue to the holder thereof a license to practice osteopathy only.  *  *  *  Such license shall not authorize the holder thereof to administer or prescribe or use on one other than himself any drugs or medicines, and any such administration, prescription or use of any drug or medicine by the person holding such limited license shall be practicing medicine without a license, and such person shall be punished," etc. §8411, *supra.* The plea in bar was utterly bad.

Appellant next filed what he terms a special plea to the

jurisdiction of the court, to the effect that the affidavit upon which he was arraigned purported to have been signed and sworn to before Finley P. Mount, a notary public in and for Marion county, in the State of Indiana; whereas, in truth and in fact, there is not now, was not at the time said affidavit was filed, and was not at the time said affidavit purports to have been signed and sworn to, a person named Finley P. Mount, who was a notary public in and for Marion county, Indiana, and there is no such person as Finley P. Mount, notary public in and for Marion county, and there is, therefore, no valid affidavit on file in this court.

The prosecuting attorney's demurrer to this answer was sustained. The answer is in the nature of a plea in abatement, and must be strictly construed. *Lankford* v. *State* (1895), 144 Ind. 428, 432; *Musgrave* v. *State* (1893), 133 Ind. 297. Such answers are not favored in law. They must allege everything necessary to their sufficiency. No presumptions of law or fact will be indulged in their favor. *Ward* v. *State* (1874), 48 Ind. 289, 291. It is not alleged in this plea that Mount was not a duly commissioned, qualified and acting notary public of the State of Indiana. If Mount was such a notary, his jurisdiction was "coëxtensive with the limits of the State." §9533 Burns 1908, §5962 R. S. 1881. The contrary not appearing, it will be presumed that he was a qualified notary of the State, and authorized to administer oaths in any county of the State. There was no error in sustaining the demurrer to the plea.

We are unable to believe that any provision of the state Constitution is impinged by the statute under consideration. *Parks* v. *State, supra; State, ex rel.*, v. *Webster* (1898), 150 Ind. 607, 41 L. R. A. 212.

The court did not err in denying appellant the right to read in evidence, as a license to practice medicine, the receipt for money, set forth in his plea in bar. The receipt was not a license, and furnished him no excuse for the violation of a specific requirement of the law. Even

if he had shown that he was entitled to a license, and that it was arbitrarily withheld, it would have afforded him no sufficient justification to practice medicine.

If a license was wrongfully withheld, his remedy was to proceed by appeal, or by some other appropriate action to obtain it. *City of Montpelier* v. *Mills* (1908), 171 Ind. 175; *State* v. *Doerring* (1906), 194 Mo. 398, 92 S. W. 489; *State* v. *McCleary* (1908), 130 Mo. App. 527, 109 S. W. 638.

The judgment is affirmed.


## ON PETITION FOR REHEARING.

HADLEY, C. J.—Appellant vigorously insists that, having become entitled to a license to practice osteopathy, by all possible compliance with the provisions of the statute of March 11, 1901 (Acts 1901, p. 475, §§8405, 8406, 8409, 8411 Burns 1908), he is not subject to punishment under the provision of the amendatory act of 1905 (Acts 1905, p. 194) for doing that which was legalized under the act of 1901. The infirmity of appellant's conclusion arises from an erroneous foundation.

Let us see. The act of 1901 provides that the State Board of Medical Registration and Examination shall, upon specified terms, and the payment of a fee of $10, issue a certificate which shall entitle the holder to a license to practice medicine, upon his presenting the same to the clerk of the county of his residence, and the payment of a fee of fifty cents.

It is further provided in section four of said act (Acts 1901, p. 475, §8411 Burns 1908), that "the said board may grant limited certificates which shall authorize the proper clerk to issue to the holder thereof a license to practice osteopathy only. * * * Provided, further, that any person now [March 11, 1901] holding a diploma issued from any college of osteopathy in the United States and is a resident of the State of Indiana, shall be granted a certificate and license

to practice osteopathy upon presenting his diploma to said board and clerk and paying the fee required by this act.'' But the mischief to appellant's defense springs from section one of the act of 1901 (Acts 1901, p. 475, §8405 Burns 1908), wherein it is enacted that ''the board may refuse to grant a certificate to any person guilty of felony or gross immorality, or addicted to the use of liquor or drug habit to such a degree as to render him unfit to practice medicine or surgery.''

Appellant avers in his special plea that he presented his diploma to the board, paid the required fee of $10, and there was thereupon issued to him the paper set out in the original opinion, which he denominates a ''certificate,'' but which is nothing more nor less than a receipt for the money paid. He leaves the court wholly in the dark as to why he did not receive a certificate from the board. Was it because the board had refused to issue it for any causes specified in §8405, *supra?* Or was it because he had carelessly and negligently failed to request it? It was incumbent upon appellant to make these things clear in his special plea. Besides, if he had obtained from the board a certificate, and had stopped there, he would still have been guilty of practicing osteopathy without a license.

It is the clerk alone that may issue the license; and it is the license, and not the certificate, that confers the right to practice. He makes no pretense of having presented a certificate, or what he calls a certificate, to the clerk of his residence county and demanding a license.

It seems clear to us, for aught that appears in the answer, that when the amendatory act of 1905, *supra,* went into effect, appellant was practicing osteopathy without a legal right to do so, and fell within the operation of the amendatory act of 1905, as stated in the original opinion.

Petition overruled.