## THE STATE v. COMER.

[No. 19,663.   Filed January 9, 1902.]

CONSTITUTIONAL LAW.—*Self-Incrimination.*—The fifth amendment of the Constitution of the United States, providing that "no person in any criminal case shall be compelled to testify against himself," has no application to the states.   *p. 613.*

WITNESSES. — *Self-Incrimination Before Grand Jury.*— Although a witness cannot be compelled, while before a grand jury, to testify to matters which would tend to criminate himself, yet if he does so testify without objection he will be deemed to have done so voluntarily.   *p. 613.*

GRAND JURY.—*Examining Witnesses.*—The grand jury examining a witness under oath need not inform such witness of his constitutional privilege to refuse to testify in matters tending to criminate himself.   *p. 614.*

PLEADING.—*Abatement.*—Pleas in abatement must be certain and definite, and must anticipate and exclude all such supposable matter as would, if alleged by the opposite party, defeat his plea.   *p. 614.*

CRIMINAL LAW.—*Plea in Abatement.*—Defendant's plea to an indictment, that he was summoned before the grand jury and was compelled to testify as to facts concerning a crime with which he was charged, and that at the time he testified he was not informed and did not know that he had a legal right to refuse to testify against himself, and that the indictment was returned on defendant's own testimony, was not a good plea in abatement, since the statements that he was compelled to testify and that the indictment was returned on his own testimony were mere conclusions.   *p. 615.*

From Clinton Circuit Court; *J. V. Kent,* Judge.

James Comer was indicted for selling his vote, and from a judgment discharging defendant, the State appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, and *A. L. McGuire,* for State.

*Dallas Holman,* for appellee.

MONKS, J.—Appellee was charged by indictment with selling his vote, in violation of §1, Acts 1899, p. 381, being §2329 Burns 1901.   Appellee filed a plea in abatement to

the indictment, to which plea appellant demurred for want of facts. The court overruled the demurrer, and appellant filed a reply in two paragraphs. A demurrer for want of facts to each paragraph of reply was sustained, and final judgment rendered discharging appellee. The errors assigned call in question the action of the court in overruling appellant's demurrer to the plea in abatement, and in sustaining appellee's demurrer to each paragraph of reply.

The part of the plea in abatement essential to the determination of the questions presented is as follows: "That the grand jury of said county were informed and believed that appellee had before that time, at the general election of 1900, sold his vote; that for the purpose of obtaining evidence against appellee in said matter, and for the purpose of securing an indictment against appellee for said supposed violation of said election law, the grand jury caused a subpœna to issue directing the sheriff of said county to summon appellee before the grand jury to answer such questions as might be propounded to him by the said grand jury; that the sheriff of said county served said subpœna on appellee, who went before the grand jury; that appellee was then sworn, and, while under oath, was interrogated by the grand jury and was then and there by said grand jury compelled, forced, and caused involuntarily to testify in answer thereto to matters and facts concerning said crime of vote selling committed by him; that at the time he testified before said grand jury he was not informed by any one, and did not know, that he had the legal right to refuse to testify or give to said grand jury any evidence concerning his supposed connection with or commission of said acts in violation of the election law he was suspicioned by said jury to have committed, and if at said time he had had such information and knowledge he would not have testified before said grand jury about said facts nor given said jury any testimony or evidence in relation thereto; that the indictment was returned upon the testimony so given by appellee."

State *v.* Comer.

The fifth amendment of the Constitution of the United States provides that no person "shall be compelled in any criminal case to be a witness against himself"; and §14 of article 1 of the Constitution of this State provides that "no person in any criminal case shall be compelled to testify against himself". It is claimed "that the facts alleged in said plea were sufficient to abate said action, because said plea shows that appellee was deprived of a right guaranteed by the State and federal Constitution". This appeal was taken under §8, Acts 1901, p. 566, being §1337h Burns 1901, for the purpose of presenting that question.

It has been uniformly held that the fifth amendment of the Constitution of the United States operates exclusively in restriction of federal power, and has no application to the states. *Thorington* v. *Montgomery,* 147 U. S. 490, 492, 13 Sup. Ct. 394, 37 L. Ed. 252; *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112, 158, 17 Sup. Ct. 56, 41 L. Ed. 369; *Brown* v. *New Jersey,* 175 U. S. 172, 20 Sup. Ct. 77, 44 L. Ed. 119; *Barron* v. *Baltimore,* 7 Pet. (U. S.) 243, 247, 8 L. Ed. 672. It is evident, therefore, that said fifth amendment of the Constitution of the United States has no application to this case.

Being subpœnæd, and appearing before the grand jury and being sworn, was not a violation of appellee's constitutional rights, and while before the grand jury he could be compelled to testify to any matter which did not criminate him. Under the provision of the Constitution of this State above quoted, he could not, however, be compelled to testify before the grand jury to any matter that would criminate him. Whether he should so testify was, therefore, a personal privilege which he could claim or not as he chose. If he gave such criminating evidence voluntarily, his constitutional rights were not violated. It is a general rule that when a personal privilege exists for a witness to testify or not as he chooses, if he does testify without objection he will be deemed to have done so voluntarily.

State *v.* Comer.

It is alleged in the plea that the grand jury compelled and forced him involuntarily to testify to facts criminating himself. This is a mere conclusion. The rules of pleading require that facts, and not conclusions, be alleged. The grand jury cannot compel a witness to testify before that body. This can only be done by the court in which said grand jury is impaneled, under the provision of §§1733, 1734 Burns 1901. The averments of said plea do not show that appellee was *compelled* to answer any question or give any evidence before the grand jury. It is alleged that appellee was ignorant of his right to refuse to testify, and that the grand jury did not inform him that he had such right. The statutes of this State impose no such duty on the grand jury. Everyone is presumed to know the law, and that body had the right to act on the presumption that appellee knew that he could not be compelled to testify to any matter which would criminate him. Appellee was not in custody, or under bond for his appearance to answer a charge of selling his vote, and no such charge was pending against him.

It is alleged that "said indictment was returned upon the testimony given by appellee." Even if material this is only a conclusion of the pleader. The facts from which the pleader drew this conclusion should have been alleged. In this State, if a grand juror has personal knowledge of the commission of a public offense triable in the county, he must declare the same to his fellows, and an indictment may be found thereon, the same as on the testimony of any other witness. §1729 Burns 1901; 17 Am. & Eng. Ency. of Law (2nd ed.) 1284; Thompson & M. on Juries, §644.

The rule is that pleas in abatement must be certain to every intent and in every particular, and leave nothing to be drawn by inference; they must anticipate and exclude all such supposable matter as would, if alleged by the opposite party, defeat his plea. *Needham* v. *Wright,* 140 Ind. 190, 194, 195; 1 Chitty on Pl. (9th Am. ed.) 462, 473, Ste-

phens on Pl. (9th Am. ed.) 352, 431.   Under this rule the plea in abatement was clearly insufficient.

Moreover, it has been held in this State that when an indictment has been returned into open court by the grand jury, duly indorsed by the foreman, it is conclusive evidence of the regularity of the finding, and that the proper number concurred therein, and the same cannot be controverted by plea and it is not competent to inquire into the amount or kind of evidence upon which they acted.   *Stewart* v. *State,* 24 Ind. 142; *Creek* v. *State,* 24 Ind. 151, 155, 156.   See, also, *State* v. *Fasset,* 16 Conn. 457, 463, 467-473; *State* v. *Fowler,* 52 Iowa 103, 104, 2 N. W. 983; *State* v. *Boyd,* 2 Hill (S. C.) 288, 27 Am. Dec. 376; *Dockery* v. *State,* 35 Tex. Cr. 487, 489, 34 S. W. 281; *State* v. *Dayton,* 23 N. J. L. 49, 53 Am. Dec. 270, 273-276.

The rule that the testimony of a petit juror will not be received to impeach his verdict extends also to a grand juror, so that the want of no fact essential to the finding and return of an indictment can be shown by the testimony of a grand juror.   It is said in 1 Bishop's Crim. Proc. (4th ed.) §§874, 1270, on this subject: "So that the want of legal evidence to justify the finding of a bill, or the non-concurrence of a needful juror, or the lack of any other essential fact, cannot be shown in this way, [by the testimony of a grand juror] and no other is ordinarily practicable."   Nor can the testimony of a third person as to what a grand juror said be received for such purpose.   1 Bishop's Crim. Proc. (4th ed.) §1270.   Neither is a defendant permitted to show that the offense proved on the trial is not the same which was before the grand jury.   1 Bishop's Crim. Proc. (4th ed.) §872, cl. 6.

Judgment reversed, with instructions to sustain appellant's demurrer to the plea in abatement, and for further proceedings not inconsistent with this opinion.