POER, TRUSTEE, *v.* STATE OF INDIANA, EX REL. ARTHUR M. HINSHAW.

[No. 23,389. Filed December 13, 1918. Rehearing denied February 11, 1919.]

1. PLEADING. — *Demurrer.* — *Attached Memorandum.* — Section 344, cl. 6, Burns 1914, Acts 1911 p. 415, providing that a memorandum shall be filed with a demurrer stating wherein the pleading demurred to is insufficient for want of facts, was intended to compel the party demurring to waive review of questions not disclosed to the trial court; but neither the trial court nor the appellate court is bound by such waiver where manifest injustice would result by enforcing it. p. 59.

2. MANDAMUS. — *Schools.* — *Transfer of Pupil.* — *Sufficiency of Complaint.* — The validity of §6449 Burns 1914, Acts 1909 p. 173, relative to the transfer of pupils, will not be determined in a mandamus action to compel a township trustee to transfer a pupil to a private school, where the complaint fails to allege an appeal to the county superintendent and an order for the transfer under §6451 Burns 1914, Acts 1901 p. 448, since the superintendent has authority under the statute to decide certain purely school questions and his decision, based on such questions, denying a transfer would prevent the question of validity to arise. p. 59.

3. CONSTITUTIONAL LAW.—*Necessity for Judicial Action.*—The Supreme Court will not pass on constitutional questions that are hypothetical, nor determine the validity of a legislative act when such determination is not necessary to dispose of the cause. p. 60.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Mandamus by the State of Indiana, on relation of Arthur M. Hinshaw, against Otho Poer, trustee of Spiceland school township, Henry county. From a judgment for the relator, the defendant appeals. *Reversed.*

*W. O. Barnard* and *G. M. Barnard,* for appellant.
*Forkner & Forkner,* for appellee.

TOWNSEND, J.—Relator brought action against appellant to mandate him to transfer relator's child to a private school. The complaint alleges, in substance, that relator was a resident citizen and taxpayer of the township on September 12, 1917; that appellant was on that date the elected and qualified trustee of the school township; that relator's son was born on January 20, 1903, and resided in said township with relator; that his son had finished the prescribed course of study in the eight grades taught in the public schools of the township and was eligible to a public high school of the county; that there were no high schools in said township and none nearer than Lewisville and Newcastle in adjoining townships, a distance of five to eight miles; that the transfer of relator's child to some recognized high school was necessary, or his education in such grades would be denied him; that there was and is in the town of Spiceland, within said township, an academy known as Spiceland Academy, kept and maintained as a private school; that said private school is ready, able and willing to receive relator's child under the terms provided for the transfer of pupils from one school corporation to another; that the course of study in this private school is the same as that taught in the high schools of said county; that said school and the course of study therein had been approved by the state board of education; that relator's son can better be accommodated in said academy than at any other school, and at less expense; that relator and his child live within two miles of said private school, much nearer to it than any other high school; that relator demanded of appellant on September 12, 1917, that he transfer relator's son to this private school; that said trustee refused to make said transfer.

Appellant's demurrer to the complaint is on the ground that it does not state facts sufficient to constitute a cause of action. The memorandum attached to the demurrer is as follows: "The defendant, as trustee of the school township has no authority in law to transfer pupils eligible to High School privileges to any other than a public High School. That any payment of public money to Spiceland Academy as tuition for the son of the relator would be illegal and void and for this reason he could not make the transfer requested by said relator. That Spiceland Academy is a private and denominational school, the same being under the control of Spiceland Monthly Meeting Society of Friends, which elects the trustees for said Academy and that said trustee has no right or authority in law to transfer any pupil eligible to a High School to such a school as said Academy." This demurrer was overruled. Appellant refusing to plead further, judgment was rendered.

The law, supposed to be invoked by the facts in the complaint, is contained in the following sections of the statute: "Whenever any child, resident in one school corporation of the state, may be better accommodated in the school of another school corporation, the school trustee, board of school trustees or commissioners of the school corporation in which such child resides shall, upon application of the parent, guardian or custodian of such child, made at any time, grant an order of transfer which shall entitle such child to attend the schools of the corporation to which such transfer is made under the conditions hereinafter prescribed: Provided, That in determining whether a child can be better accommodated in the schools of another school corporation than that in which such child resides, such matters as the proximity of the schools of the township and city to the residence of such child desiring the transfer; the kind and character of the roads to each; the means of

transportation, if any, to each; the crowded conditions of the schools in either of the two school corporations shall be pertinent: And, Provided, further, That the desire to attend a commissioned or accredited high school, when no such school is maintained in the resident school corporation, or when in attending such commissioned or accredited high school the living expenses can be more advantageously provided for in another school corporation, or when such commissioned or accredited high school in another school corporation is more accessible, shall be deemed reasons for such transfer: And Provided, further, That the provisions of this act shall be construed as applying in the same manner to resident pupils who are graduates from the eighth grade in the common schools of this state, or its equivalent, who may desire to attend a private school of the secondary rank, which, having been duly approved by the state board of education, holds the same rank as a commissioned high school." §6449 Burns 1914.

"If an order of transfer be denied, the parent, guardian or custodian of the child shall have the right to appeal the case to the county superintendent of schools whose decision shall be final." §6451 Burns 1914. The above sections set out are respectively §1 of Acts 1901 p. 448, as amended by Acts 1909 p. 173, and §3 of Acts 1901 p. 448.

A casual observer will note that there is a total omission of the fact that relator appealed the case to the county superintendent of schools, and that he ordered the transfer. It will also be observed that the memorandum attached to the demurrer in no way points out the omission of this ultimate fact essential to the sufficiency of the complaint.

The proviso in subdivision 6, §344 Burns 1914, Acts 1911 p. 415, is that "a memorandum shall be filed there-

with stating wherein such pleading is insufficient
1. for want of facts, and the parties so demurring
shall be deemed to have waived, etc." This was
intended to compel the one demurring to waive review
on appeal of that which was not disclosed to the trial
court. It does not follow, however, that this or the trial
court is bound by such waiver. If the courts are to be
bound always by such waiver, absurdities and injustice
would result in many cases. It would take from the
courts the power to decide justly. For instance, a com-
plaint may be filed which is intended to invoke a certain
law, and may ask a remedy not authorized by the law
invoked. An action for negligence might be brought
under a statute which expressly or by implication ex-
cluded such remedy. Can it be said that this or the
trial court shall be compelled to let such a glaring in-
justice stand because purposely or inadvertently the
question has been waived by the parties? To hold this
would be to hold that the parties by the authority of
the legislature could prevent courts from administering
justice.

Although the provisions of the statute concerning the
transfer of a pupil to a high school are plain and §6451
Burns 1914, *supra*, expressly says there shall be
2. an appeal to the county superintendent of schools,
relator seems to have avoided doing this, and
appellant seems to have avoided pointing out this omis-
sion in the complaint. They are here debating whether
the last proviso in §6449 Burns 1914, *supra*, and other
sections of the same act are valid or not under the Con-
stitution. It is not meant by this opinion that the
county superintendent of schools shall decide a consti-
tutional question. It will be observed, however, that
§6449 Burns 1914, *supra*, contains a number of things
for him to decide which are purely school questions, to
wit: "Proximity of schools, * * * kind and char-

acter of roads, * * * means of transportation, * * * crowded condition of schools, etc." These things might be decided by the county superintendent adversely to relator's contentions, and then no question of the validity of the last proviso in the above section would arise.

This case has been advanced in this court because of its alleged public importance. If it is of public importance, and we think that it is, this importance 3. should have attached to the case all the way through and it should have been brought before us in such a way as to warrant a decision of the constitutional questions involved. It is not for this court, under precedents laid down by state and federal courts, to pass on constitutional questions that are hypothetical, nor to determine the validity of the legislative act when such determination is clearly not necessary to dispose of the cause.

The complaint should have alleged an appeal to the county superintendent of schools and that he ordered the transfer.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the complaint.

Spencer and Harvey, JJ., concur in conclusion.

NOTE.—Reported in 121 N. E. 83. Schools and school districts: power and authority of school officers, generally, 65 Am. St. 332.