STATE, EX REL. STEINBACH *v.* SIZELOVE ET AL.

[No. 11,336.   Filed December 13, 1922.   Rehearing denied February 14, 1923.   Transfer denied April 28, 1925.]

1. PLEADING.—*Demurrer to insufficient pleading may be sustained on grounds other than those mentioned in memorandum.* —Where a pleading demurred to is insufficient, neither the trial court nor an appellate court is limited to the insufficiencies pointed out in the memorandum accompanying the demurrer, but may rightfully sustain the demurrer on grounds entirely outside those mentioned in the memorandum.   p. 50.

2. APPEAL.—*Sustaining demurrer to insufficient pleading not error though pleading good as to defects pointed out in memorandum.*—If a demurrer was rightfully sustained for any cause, the party whose pleading was held insufficient cannot insist that the ruling was erroneous because his pleading was good as against the specific objections stated in the demurrer.   p. 50.

3. DAMAGES.—*Damages for breach of contract other than for payment of money must be specially pleaded where amount of damages not fixed in contract.*—In an action for the breach of a contract for the payment of money, the contract itself fixes the measure of damages, as a matter of law, but where the breach counted upon is the failure to do something other than to pay money, and the parties to the contract have not, in the contract, fixed the amount of damage consequent on the breach thereof, the law will not imply any actual damages, but they must be specially pleaded.   p. 50.

4. OFFICERS.—*Damages to private individual by failure of public officer to perform his duty must be specially pleaded in complaint on his bond.*—In an action by a private individual on a public officer's bond for a breach thereof, the complaint must state facts showing that the plaintiff has been damaged and the amount of such damages.   p. 50.

5. OFFICERS.—*Private individual's complaint on bond of public officer for neglect of public duty must show damages peculiar to himself.*—In an action by a private individual on the bond of a public officer for neglect of a public duty, such as the failure of a county auditor to publish legal notices in plaintiff's newspaper, as required by Acts 1915 p. 154, §1347 Burns 1914, the complaint must state facts showing that the plaintiff has sustained damages peculiar to himself. p. 51.

6. APPEAL.—*Erroneous ruling in sustaining demurrer to complaint good for nominal damages not reversible error.*—An erroneous ruling in sustaining a demurrer to a complaint which was good for nominal damages, but no more, does not require a reversal of the judgment. p. 51.

From Newton Circuit Court; *Burton B. Berry,* Judge.

Action by the State of Indiana on the relation of Edward J. Steinbach against Samuel R. Sizelove and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the first division.

*Harry R. Hopkins, Frank S. Roby* and *George H. Batchelor,* for appellant.

*Hume L. Sammons* and *Emory B. Sellers,* for appellees.

PER CURIAM.—This was an action upon the official bond of appellee, Sizelove, as auditor of Newton county. The breach of official duty alleged was the failure of said auditor to have certain legal notices, affecting county business, published in a certain paper published in said county, of which paper the relator was the owner and publisher. The alleged breach of duty of said auditor was his alleged failure to comply with §1347 Burns 1914, Acts 1913 p. 154. To the complaint which was in two paragraphs, a demurrer was sustained, and this action of the court is assigned as error. If a complaint is bad, from any cause, as against a demurrer, neither the trial court nor this court is bound by the

statement of insufficiencies contained in the "memorandum" accompanying the demurrer.

The trial court may rightfully sustain a demurrer to an insufficient complaint on grounds entirely outside those mentioned in the "memorandum." *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55. It then follows that if a demurrer was rightfully sustained, *for any cause,* the other party cannot insist that there was error because his pleading was good as against the specific objections stated in the "memorandum."

In actions upon contracts, where the breach counted upon is a failure *to pay money,* the contract itself fixes the measure of damages, as a matter of law; but in contracts where the breach counted upon is the failure to do something other than the payment of money, and where the parties to said contract have not, in said contract, agreed upon and fixed the amount of damage consequent upon such breach, the law will not imply that any actual damage has been sustained as a result of such breach. In cases of this latter kind, the damages, if any, are special and must be specially pleaded. This is also true when a party seeks to recover damages on account of the breach of a duty not arising from a contract, such, for instance, as the case now under consideration.

If we examine the complaint in the instant case, we find no allegation of any special damages. For aught that appears from this record, the cost to appellant, in the matter of labor, materials, etc., had the said notices been given to him to be printed and had he printed them, might have exceeded the amount which he was, by statute, entitled to receive for doing such printing, in which case, he certainly would not have sustained any damage by reason of not printing such notice. *Shriber* v. *Butler* (1882), 84 Ind. 576.

State, ex rel. *v.* Sizelove—83 Ind. App. 48.

Again, the duty which the said auditor is alleged to have violated, his noncompliance with said statute, was primarily a duty to the public, and it is elementary that, as to such duties, before the private individual may prosecute an action, he must state facts showing that he has sustained an injury "peculiar to himself." *Walls* v. *Smith & Co.* (1910), 167 Ala. 138, 52 So. 320, 140 Am. St. 24. The complaint now under consideration shows no such facts.

It is true that in some cases a complaint is good which shows that the plaintiff is entitled only to nominal damages, as where the act complained of has relation to some property or property right, and, if allowed to pass unchallenged, may at some future time become the "foundation" upon which some claim of right is based. Examples of such are trespasses to realty, and interferences with easements. *Ross* v. *Thompson* (1881), 78 Ind. 90.

In this case, if we should concede that the complaint in question states facts which would have entitled the appellant to nominal damages, and that the demurrer was wrongfully sustained, yet, the rule is well settled that where the averments of a pleading are such as to entitle a party to only nominal damages, such party is not entitled to a reversal on account of such erroneous ruling. *Rhine, Admr.,* v. *Morris* (1884), 96 Ind. 81.

The appellee insists that as the duty imposed upon the county auditor by said §1347 Burns 1914, *supra,* was a duty *to the public,* the appellant could not in any event maintain a private action for damages. In view of the allegations of the said complaint, it is not necessary, and we do not decide this question.

The judgment is affirmed.