## STATE, EX REL. RABB v. HOLMES.

[No. 24,931. Filed April 28, 1925.]

1. PLEADING.—*Insufficiency of memorandum with demurrer immaterial where demurrer is sustained.*—The fact that the memorandum with a demurrer to a pleading does not specifically suggest the particular defects rendering the pleading insufficient is immaterial where the demurrer was properly sustained. p. 160.

2. EVIDENCE.—*Judicial notice is taken of legislative enactments.* —Courts take judicial notice of legislative enactments of their own state and of their approval and disapproval by the Governor. p. 160.

3. EVIDENCE.—*Administrative officers charged with notice of legislation affecting their duties.*—Administrative officers are charged with notice of legislation increasing or decreasing the extent of their activities or the circle within which they are authorized to act. p. 160.

4. EVIDENCE.—*It is a matter of common knowledge that the duties of election officers involves discretion.*—It is a matter of common knowledge that election officers are often required to exercise a sound discretion in the decision of clearly administrative questions. p. 160.

5. MANDAMUS.—*Election commissioners may be compelled by mandamus to act except in the exercise of their discretion.*— Election officers may be compelled by mandamus to act, but in matters requiring the exercise of a sound discretion, their decisions cannot be controlled by mandamus proceedings. p. 160.

6. EVIDENCE.—*Judicial knowledge is taken of the taking effect of acts of the legislature.*—The Supreme Court knows that, in due course, the Governor will publish his proclamation announcing the taking effect of the acts of the legislature. p. 160.

7. MANDAMUS.—*Election commissioners are included in statute authorizing mandamus.*—Election commissioners may be classed as an "inferior tribunal" within the meaning of the term in §1245 Burns 1926, Acts 1911 p. 541, against which an action for mandate will lie "to compel the performance of any act which the law specifically enjoins." p. 162.

8. ELECTIONS.—*Mandate of primary election commissioners ineffectual in view of new statute abolishing office relator seeks.* —The court properly refused to mandate the election commissioners of the city of Indianapolis to print relator's name on the primary election ballots as a candidate for judge of the city court of Indianapolis, as they were bound to know of the

existence of the law of 1925 (Acts 1925 p. 457) which would abolish city courts in cities of the first class, though said act was not yet effective.    p. 162.

9. STATUTES.—*Validity cannot. be determined in mandamus proceeding.*—The validity of a statute controlling the action of election commissioners in refusing to place relator's name on primary election ballot should be litigated in an appropriate action before commencing a proceeding to mandate them to act in disregard of such law.    p. 162.

From Marion Circuit Court; *Harry O. Chamberlain,* Judge.

Action in mandate by Saul I. Rabb as relator against Ira M. Holmes, Frank P. Baker and John W. Rodehamel, as the election commissioners of the city of Indianapolis.    From a judgment for defendants, the relator appeals.    *Affirmed.*

*Saul I. Rabb* and *R. L. Ewbank,* for appellant.

*Charles E. Cox, Martin M. Hugg, Clarence E. Weir, Fred C. Gause; C. C. Shirley, Jacob Morgan* and *Lawrence B. Davis,* for appellees.

PER CURIAM.—Appellant, Saul I. Rabb, as relator, brought this action to compel by mandate the appellees, Ira M. Holmes, Frank P. Baker and John W. Rodehamel, as election commissioners of the city of Indianapolis, to place relator's name upon the Republican primary election ballots as a candidate for the office of judge of the city court of the city of Indianapolis at the primary election to be held on May 5, 1925.

Relator's complaint is grounded entirely upon the existing law providing that the judicial power of every city of the first class shall be vested in a city court, and that such city judge shall be elected by the legal voters of such city and whose term of office shall begin at twelve o'clock noon on the first Monday in January following his election (Acts 1905 p. 236, §§215, 216, §§11010, 11011 Burns 1926), and upon the primary elec-

tion law, by alleging facts showing that he has fully
complied therewith entitling him to a place on the city
primary election ballot as a candidate of the Republican
party for the office of city judge; that continuously since
the time of his request and now, the law provides for
the election of a city judge of the city of Indianapolis
at the coming November election, and hence it was the
plain legal duty of appellees, acting as city primary elec-
tion commissioners, to grant his demand and place his
name upon the ballot, (Acts 1915 p. 359, §16, §7395
Burns 1926, §7054p Burns' Supp. 1921) ; that appellees,
as election commissioners, refused and still refuse to
accede to his request to place his name upon the ballot.
Prayer that appellees, as city election commissioners,
be compelled by mandate to accept relator's declaration
of candidacy, and that his name be printed on the Re-
publican ballots for use at the coming city primary.
Appellees' demurrer to relator's complaint for want of
facts was sustained.  Relator refused to plead over, and
judgment was rendered that he take nothing by his com-
plaint.  Thereupon, he prosecuted this appeal, and, in
this court, has assigned as error the sustaining of ap-
pellees' demurrer to his complaint.

The memorandum to the demurrer, in substance,
states: (1) that the General Assembly of 1925, by an
act commonly known as "The municipal court bill," pro-
vided for the creation of a municipal court and express-
ly abolished the city court in the City of Indianapolis,
effective January 1, 1926; (2) that the complaint fails
to show a clear duty resting on the defendants to place
relator's name upon the city primary ballot, but is an
attempt to collaterally attack the act of the General As-
sembly creating a municipal court.

From the allegations of the complaint, we conclude
that appellees, acting officially, refused generally the re-
lator's request without assigning any specific reason for

their action. The demurrer admitted the truth of the facts pleaded in the complaint. It failed to suggest particular defects rendering the complaint insufficient. The memorandum thereto suggesting the action of the General Assembly of 1925 abolishing the office of city judge in cities of the first class, and in lieu thereof creating a municipal court, was in the nature of affirmative matter more properly presented by an answer. The effect of the memorandum was to inject into the controversy a subject to which counsel have given much attention in their briefs, but only incidentally mentioned in the oral argument. However, as we have seen, the demurrer to the complaint was sustained. If it was rightfully sustained for any cause, the relator cannot consistently assert that such ruling was error. *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55, 121 N. E. 83; *State, ex rel.,* v. *Sizelove* (1922), 83 Ind. App. 48, 137 N. E. 616.

Courts of this state take judicial notice of legislative enactments and of their approval or disapproval by the Governor. Moreover, merely administrative officers are charged with notice of legislation increasing or decreasing the extent of their activities or the circle within which they are authorized to act. It is also a matter of common knowledge that such officers—election commissioners—are often required to exercise a discretion in the decision of questions clearly administrative. Such officers may be compelled to act, but, as to matters requiring a good faith exercise of a sound discretion, their decisions cannot be controlled by mandamus proceedings.

In the instant case, it appears from the complaint that on April 4, 1925, the relator filed, in the office of the city clerk, his application as a candidate for the office of city judge of the city of Indianapolis, to be voted for at the city primary election, and

thereafter, on April 13, 1925, the election commissioners refused to accept his declaration of candidacy and denied him a place upon the ballot.   At the time of the aforesaid action of the relator and of the election commissioners, it was generally known that the General Assembly, at its 1925 session, in due form passed "An act entitled an act creating a municipal court in any of the counties of this state wherein is situated an incorporated city containing a population of not less than 300,000 according to the last preceding census of the United States; * * * abolishing city courts in cities located in such counties," and repealing all laws in conflict therewith, approved March 12, 1925.   Section 27 of that act abolishes the city court in all cities of the first class as of the first day of January, 1926, and provides that all cases pending in that court on the last mentioned date shall be transferred to the municipal court which is created and established by §1 of the same act.   This court knows, regardless of the allegations of the complaint and of the suggestions furnished by the demurrer, that, in due course, and before the first Monday in January, 1926, the Governor of this state will publish his proclamation relative to the taking effect of the laws passed by the last General Assembly.   Acts 1855 p. 204, §2, §246 Burns 1926, §239 Burns 1914.   The validity or invalidity of the 1925 act, *supra,* was not before the trial court, nor is that question before this court in advance of its going into effect, although, of the existence of the act, courts will take notice.   *Woessner* v. *Bullock* **(1911),** 176 Ind. 166, 93 N. E. 1057.

At this point. it is sufficient to say that, for all present purposes, the 1925 act, *supra,* must be regarded as valid, and if valid, the office of the city court in the city of Indianapolis will not be in existence on the first

Monday in January, 1926, the time fixed by the act of 1905, *supra,* for the successor of the present incumbent to assume the duties of city judge.    True, appellees, as election commissioners, may be classed under our

**7-9.**    statute as an "inferior tribunal" against which an action for mandate will lie "to compel the performance of any act which the law specifically enjoins."    Acts 1911 p. 541, §1245 Burns 1926.    Appellant insists that the election commissioners are specifically enjoined by law to print his name on the Republican primary ballot for the office of city judge. But, it will be observed, from what we have already said, that the election commissioners knew from common knowledge there was in existence a legislative enactment approved by the Governor of this state which would become effective upon the Governor's proclamation announcing the final distribution of the laws as required by law.    It thus clearly appears that the question of whether or not candidates are to be nominated for the office of city judge at the May primary was before the election commissioners for a good faith answer.    That question was answered by the commissioners in the negative, and the good faith of that answer is not questioned.    They could not have otherwise answered without disregarding the 1925 act, of which, in our opinion, they were bound to take notice and assume that it was valid.    This being true, it follows, as said in *State, ex rel.,* v. *Winterrowd* (1910), 174 Ind. 592, 596, 30 L. R. A. (N. S.) 886:    "The validity of an objectionable statute should be litigated in an appropriate civil action between adversary parties, and, in our opinion, a petitioner for a writ of mandamus may not require the court to declare such statute unconstitutional in that proceeding as a condition precedent to the issuance of the writ demanded."

Upon a full consideration of the record in the instant

case, we are convinced that it does not disclose the refusal by the election commissioners to perform an act which the law specifically enjoins upon them, in violation of a clear legal right of the relator.

Judgment affirmed.

Ewbank, J., not participating.