## Brannan *v.* Kelley et al.

[No. 12,312. Filed June 5, 1925.]

1. APPEAL.—*When demurrer sustained, appellate tribunal not limited to defects pointed out in memorandum.*—When a demurrer was sustained to a pleading, an appellate tribunal is not limited to the deficiencies pointed out in the memorandum accompanying the demurrer, but should uphold the ruling if the pleading was bad from any cause. p. 254.

2. PRINCIPAL AND AGENT.—*Agent cannot serve two masters nor make any secret profit in transaction in principal's behalf.*—An agent cannot serve two masters, and will not be allowed to make any secret profit out of any business transaction in behalf of his principal; any secret profit made by him in such transaction, in equity, belongs to his principal, by whom it may be recovered in an action for money had and received. p. 254.

3. CORPORATIONS.—*Stockholder in corporation formed to purchase land from brokers having option thereon cannot sue in his own name for fraud affecting the corporation.*—A stockholder in a corporation, organized by him and others to purchase land in reliance on false representations of brokers that price was net and that they were not to receive any commission or profit for the sale thereof, cannot maintain an action in his own name for his proportionate share of commission paid to them for the sale. p. 254.

4. CORPORATIONS.—*Stockholder may, after refusal by the corporation to protect or enforce its legal rights, become an "equitable plaintiff" on behalf of the corporation to enforce such rights.*—Where a demand is made on the governing body of a corporation that it take legal steps to protect or enforce its legal rights, and such corporation refuses to take action as requested, a stockholder of the corporation may become a nominal or "equitable plaintiff" and enforce or protect such rights of the corporation, naming it as the real plaintiff. p. 256.

5. CORPORATIONS.—*Stockholder sues as "equitable plaintiff" for a corporation by naming the corporation as real plaintiff.*—A stockholder who sues on behalf of the corporation as an equitable plaintiff must make the corporation the real plaintiff, naming it as such, and not as a defendant, and where he sues ostensibly in its behalf but makes the corporation a defendant, he does not become an "equitable plaintiff" so as to be authorized to sue in behalf of the corporation. p. 256.

6. CORPORATIONS.—*Stockholder's complaint on behalf of corporation, sufficiency.*—A complaint by a stockholder seeking to enforce a legal right of the corporation, after refusal by the governing body to take the requested action, must allege facts showing that he has exhausted all means within his reach to obtain, within the corporation, the enforcement of such right, including an honest effort to obtain action by the stockholders as a body. p. 256.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by George E. Brannan against James J. Kelley and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*McMahon & Conroy,* for appellant.
*Gavit, Hall, Smith & Gavit,* for appellees.

ENLOE, J.—This appeal is prosecuted from a judgment of the Lake Superior Court, Room 1, sustaining separate demurrers of Kelley and Semmes, and of the Gary Heights Realty Company to appellant's amended second paragraph of complaint, all other paragraphs having been withdrawn.

The said paragraph of complaint sought to base a cause of action upon the following facts alleged therein, viz.:

Early in the year, 1911, one George Earl was the owner of a certain forty acres of land, particularly described, lying near the city of Gary; the appellees, Kelley and Semmes, had an option on said land by and through which they controlled the sale thereof; they were not in a position to purchase said land themselves, so in January, 1911, they began to talk to a number of persons in regard to said land, trying to interest such persons in the matter of forming a corporation which, when formed, should become the purchaser of said land, should lay-out and plat the same as an addition to the city of Gary and then sell the lots so platted and laid out; that they told and informed the persons whom they were trying to interest in said matter that the purchase price of said land was $40,000, and that no commission was to be paid to them by said Earl for selling said land; that, acting upon the statements and representations so made the appellant, the said appellees, and certain other named persons who had also been solicited, and to whom the said statements and representations as above had also been made, proceeded to

and did form and organize a corporation under the laws of the State of Indiana, under the name of the Gary Heights Realty Company; that said corporation proceeded at once to purchase said land from said Earl, at and for the sum and price of $40,000, paying therefor the sum of $15,000 in cash, and executing its note for, and a mortgage on said premises to secure, the balance of said purchase price; that the representations of said appellees that said sale price was net, and that they were to receive no commission or profit thereon were false, and that said appellees received from said Earl a secret profit or commission on said sale in the sum of $8,000; that the appellant is and was one of the incorporators of said company, and the owner of forty shares of the par value of $4,000 of the capital stock thereof; that $1,500 of said $8,000 belongs to the appellant as such stockholder, "or the eight thousand dollars ($8,000) belongs to said corporation, Gary Heights Realty Company"; that said appellees knowingly and wilfully represented to appellant, and to said investors, and to said corporation, that the actual price of said real estate was $40,000, and that they were to receive no commission; that said appellees, for and on behalf of said corporation, purchased said land from said Earl at and for the sum of $40,000; that before the instituting of this action, demand was made upon the said corporation "to bring and maintain this action to recover said secret profit of eight thousand dollars"; that said corporation has failed, neglected and refused and still "refuses to institute said action, and said corporation is made a party defendant as a party plaintiff herein." There was a prayer for judgment in the sum of $8,000, and that the court should determine as to whether said sum should be distributed to said investors, or should be paid to said corporation.

This complaint seems not to have been drawn upon

any definite or well defined theory, as we shall hereafter more fully notice. The demurrer thereto having been sustained, we, in our consideration of the sufficiency of said pleading, are not limited to any alleged deficiencies specified in the memoranda filed with said demurrers, but if said pleading was bad from any cause, there was no error in sustaining said demurrers. *State, ex rel.,* v. *Palmer* (1915), 184 Ind. 7, 110 N. E. 213; *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55, 121 N. E. 83; *State, ex rel.,* v. *Sizelove* (1925), *ante* 48, 137 N. E. 616.

Considering said pleading first upon the theory of a suit by the appellant, as being the real party in interest, as being entitled to recover of and from the individual appellees a proportionate part of said sum of $8,000, his part being in such proportion as the number of shares of stock owned by him bore to the total amount of stock issued, the said pleading is fatally defective. Conceding that said appellees received and still retain said sum of money, as claimed, and conceding also that it was obtained under the circumstances claimed, and further conceding that the said money so received by said appellees does not, in equity and good conscience belong to them, yet, the question remains—Is the appellant, in his own right, legally entitled to recover all or any portion of said money to his own use? It is alleged in the pleading in question that said individual appellees acted as agents for said corporation in the purchase of said land. We must assume this allegation as true. The duties of the agent to his principal, when representing such principal in a business transaction are so well settled as to admit of no controversy; the agent must, as to his principal, exercise the utmost good faith; he cannot, without the knowledge and consent of his principal, serve two masters; he can make no secret profit out of any

transaction made by him in his master's behalf; any money, or secret profit made by him in the transaction, in equity, belongs to the principal, by whom it may be recovered in an action "for money had and received." In Leake, Contracts (3d ed.) 409, it is said: "Any profit made by an agent in the execution of his agency must be accounted for to the principal, who may claim it as a debt for money received to his use. A gratuity given to a agent for the purpose of influencing the execution of his agency vitiates a contract subsequently made by him, as being presumptively made under that influence; and a gratuity to an agent after the execution of the agency must be accounted for to his principal." It has also been said that the interests of public justice will not tolerate, under any circumstances, that an agent shall retain any profit or advantage which he secretly gains while acting for his principal. *United States* v. *Carter* (1910), 217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594. In *Tyler* v. *Sanborn* (1889), 128 Ill. 136, 21 N. E. 193, 4 L. R. A. 218, 15 Am. St. 97, it was said: "The doctrine is familiar, and has often been recognized by this court, that an agent cannot, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency, without the consent of his principal, freely given, after full knowledge of every matter known to the agent which might affect the principal." And it has accordingly been held that, all profits and advantages procured by an agent in the transaction of any affairs inure to the benefit of the principal. *Indiana Trust Co.* v. *Byram* (1904), 36 Ind. App. 6, 72 N. E. 70, 73 N. E. 1094; *Lafferty* v. *Jelly* (1864), 22 Ind. 471. It, therefore, follows that, as the money in question belonged to and was, under the averments of said pleading, the property of Gary Heights Realty Company, the appellant, though a stockholder in

said company could not maintain, in his own name, an action at law to recover any portion thereof. In 7 R. C. L. p. 331, it is said: "In no case, however, can the stockholder bring suit for himself and in his own right."

If the appellant was not entitled to bring and maintain this suit in his own name and in his own right, what right, if any, did he have to bring an action on behalf of said corporation to recover said money? If he has any such right, has he, by the allegations of his said pleading, brought himself within the limits of such right? There is no pretense in this case that the appellant herein brought and is seeking to maintain this action as an "equitable plaintiff." It is nowhere even suggested that such is the theory of the said pleading. In cases where a demand is made upon the "governing body" of a corporation that it take legal steps to protect or to enforce a legal right, and such corporation, by its governing body, refuses, after such demand, to take action as requested to protect its property or to enforce such legal property right, then, it is well settled, that a stockholder in such corporation may, in equity, become a nominal or "equitable plaintiff," for and on behalf of such corporation as the *real plaintiff*, naming it, not as a defendant, but as the real plaintiff, and making the proper parties defendants. See *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503. The suit, in such case proceeds, not as an action at law, but as a suit in equity. The appellant has not sought this remedy. The averments of his said pleading do not bring him within the rule governing the rights of equitable plaintiffs. See note to *Johns* v. *McLester* (1902), 137 Ala. 283, 34 So. 174, 97 Am. St. 27. In the case of *Hawes* v. *Oakland* (1881), 104 U. S. 450, 26 L. Ed. 827, a leading case on the question now under consideration, it was said: "before the shareholder is permitted in his own name to institute and

conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation to induce remedial action on their part, and this must be made apparent to the court. If time permits or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it." Clearly, under the authorities, the appellant has not, by the allegations of his said pleading, brought himself within the limits of the rule as to "equitable plaintiffs," and, under any view of the case, the court did not err in sustaining said demurrer.

The judgment is affirmed.