RANDOLPH v. STATE OF INDIANA.

[No. 24,527. Filed July 20, 1928.]

*A. E. Needham,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

WILLOUGHBY, J.—On March 17, 1923, while driving an automobile upon the streets of the city of Muncie, appellant collided with another automobile with such force and violence that one of its occupants was instantly killed. On that day appellant was arrested and remained in custody until the date of his trial. He was tried and convicted of involuntary manslaughter under

an indictment returned by the grand jury of Delaware County at the January term, 1923. The indictment was filed in the clerk's office on March 28, 1923. On March 31, 1923, appellant was arraigned and entered a plea of not guilty. On April 21, 1923, and at the next term of court, the defendant withdrew his plea of not guilty and filed a motion to quash the indictment. This motion was overruled on May 3, 1923, and on May 7, appellant filed a motion to view the premises, which motion was granted. On May 17, 1923, appellant filed a plea in abatement, to which appellee demurred upon the ground that the facts therein stated were not sufficient to abate the action. This demurrer was sustained, and appellant entered a plea of not guilty. There was a trial by jury, and over appellant's motion for a new trial and in arrest, judgment was rendered on the verdict. The rulings on demurrer and on the motion for a new trial are assigned as error and relied on for reversal.

Pleas in abatement must be certain to a certain intent in every particular, and must leave nothing to be supplied by intendment and no supposable answer unobviated. No presumptions of law or fact will be indulged in their favor. *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452; *Melville* v. *State* (1909), 173 Ind. 352, 89 N. E. 490; *Smith* v. *State* (1919), 188 Ind. 501, 124 N. E. 698.

The rule is that pleas in abatement must be certain in intent in every particular, and it requires the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving nothing to be supplied by intendment or construction. The pleader must not only answer fully what is necessary to be answered, but must also anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat his plea. *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; 9 Chitty,

Pleading (Am. Ed.) 462, 463; 9 Stevens, Pleading (Am. Ed.) 352, 431. *State* v. *Comer, supra; Smith* v. *State, supra.*

If a plea in abatement is bad from any cause as against a demurrer, neither the trial court nor this court is bound by the statement of defects contained in the memorandum, nor by the failure of the demurring party to file a memorandum. The trial court may rightfully sustain a demurrer to an insufficient pleading on grounds entirely outside those mentioned in the memorandum. *State, ex rel.,* v. *Sizelove* (1922), 83 Ind. App. 48, 137 N. E. 616; *Poer, Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55, 121 N. E. 83; *State* v. *Sarlin* (1919), 188 Ind. 359, 123 N. E. 800; *Hall* v. *State* (1912), 178 Ind. 448, 99 N. E. 732.

At the common law, grand jurors were selected as well as summoned and returned by the sheriff and the manner of their selection was a matter entirely in his discretion. Now, in practically all jurisdictions, statutes have been enacted regulating the method of selecting grand jurors.

Section 1817 Burns 1926, provides that the circuit court shall, during the last term beginning in each calendar year, appoint for the next calendar year two persons, one of whom shall be a resident of the town or city in which the terms of the court shall be held, as jury commissioners, who shall be freeholders and voters of the county, well known to be of opposite politics, and of good character for intelligence, morality and integrity, and cause them to appear and take an oath or affirmation in open court, to be entered of record in the order-book of the court in a certain form, prescribing the form of such oath.

Section 1820 Burns 1926 provides that the jury commissioners shall immediately, from the names of legal voters and citizens of the United States on the tax dupli-

cate of the county for the current year, proceed to select, and deposit in a box to be furnished by the clerk for that purpose, the names, written on separate slips of paper, of uniform shape, size and color, of twice as many persons as will be required by law for grand and petit jurors in the courts of the county, for all the terms of such courts to commence within the calendar year next ensuing. Such selection shall be made, as nearly as may be, in equal numbers from each county commissioner's district.

Section 1822 Burns 1926 provides that, at 10 o'clock a. m. on the Monday immediately preceding the commencement of any term of any criminal court or circuit court, where there is no criminal court authorized, the clerk, having first well shaken the box, shall open the same in his office, and publicly draw therefrom six names of competent persons, who shall be summoned as the grand jury for such ensuing term; and he shall issue a venire therefor as the court or judge in vacation may direct.

Section 1821 Burns 1926 provides that the jury box shall remain in the possession of the clerk securely locked, and the only key thereto shall be and remain in the possession of the jury commissioner of opposite politics from said clerk, who shall be present at each and every time said box is to be opened for any purpose within the provision of this act.

Section 2117 Burns 1926 provides that the grand jury shall be composed of six persons having the qualifications required by law.

Section 580 Burns 1926 provides that, in the circuit, superior, criminal and probate courts of the State of Indiana, where persons drawn for jury service or jurors in any such courts have been excused from service for the term of court, the judge thereof shall immediately notify the clerk of the circuit court

thereof, and of the number so excused from the service, and said clerk shall immediately proceed to draw from the jury box for each of said courts the number of names required by each of said courts to fill up the regular panel thereof, and record and certify such drawing upon the proper order-book of such courts respectively, and the names so drawn and certified shall become members of the regular panel of such court for such term. The names shall be drawn and the persons summoned in accordance with the existing provisions for the drawing and summoning of jurors, except that such persons so drawn shall be immediately summoned to appear at once in such courts. It has been held that this statute is applicable to the filling of vacancies of this kind in a grand jury. *Stipp* v. *State* (1918), 187 Ind. 211, 118 N. E. 818; *Duffey* v. *State* (1918), 187 Ind. 611, 120 N. E. 658; *Jackson* v. *State* (1918), 187 Ind. 694, 121 N. E. 114; *Smith* v. *State, supra.*

Under §2119 Burns 1926, it is provided that the court may, in its discretion, discharge such grand jury and order a new one drawn in the manner provided by law. Section 2121 Burns 1926 provides that a grand juror may be excused from attending on account of his own sickness or physical infirmity, or the sickness or death of any member of his family, and for other things enumerated in said section.

It has been held that where a grand juror is excused for the term, the vacancy must be filled from the jury box in the regular way. *Stipp* v. *State, supra.*

The appellant's plea in abatement alleges in the first four specifications that the grand jury which returned the indictment in this case was not qualified to serve in such capacity and return an indictment charging a public offense and did not have legal authority as an inquisitory body to investigate the alleged commission of a public offense, and that said grand

jury was not organized as required by the laws of the State of Indiana. These specifications state mere conclusions of the pleader and opinions as to the validity of the law under which the grand jurors were drawn. A plea in abatement must state facts and no presumptions can be indulged in favor of its validity. These specifications are insufficient. See *State* v. *Comer, supra.*

The fifth specification alleges that the grand jury was drawn under order of court and that the order was illegal. This is purely the opinion of the pleader upon a question of law and does not state any fact concerning the drawing of said grand jury. But, in the fifth specification is also the statement that the names of said grand jurors were drawn by the jury commissioners and not by the clerk of the Delaware Circuit Court. It appears from the plea that both jury commissioners were present, and it must be assumed, under §1821 Burns 1926, that the clerk was present at said drawing and had possession of the box. It is nowhere alleged that the clerk was not present and that the commissioners did not draw said names in his presence and under his direction. It does not appear that the clerk was not incapacitated to such an extent that he could not draw the names of the jurors from the box and, for that reason, directed the commissioners, or one of them, to draw the names out of the box and that they did not do so in pursuance to his direction. If the incapacity above indicated existed, the act of drawing the names from the jury box by the commissioners at the request of the clerk, was his act, and they were drawn by him within the meaning of the law.

In *Pratt* v. *Grappe* (1837), 6 Curry (La. Rep.) 655, under a statute similar to ours, it is held that the mere fact that the clerk, while writing down the list, requested the sheriff to draw the names of the jurors from the box, does not vitiate the array so as to set aside the panel.

On the trial of that case, the defendant's counsel challenged the array of the jury, on the ground that the names of the jurors summoned for the term were irregularly drawn from the box, in this, that they were not drawn by the clerk of the court, as the law requires, and, in order to explain the latter, the plaintiff's counsel offered the clerk of the court to testify as to the manner in which the jurors were drawn. He stated that the sheriff put the names, certified in the list of the parish judge on separate tickets in the box, and at his (the clerk's) request, the sheriff drew the names of the jurors forming the venire from the box, in the presence of the clerk and two magistrates, while one of the magistrates and himself wrote down the names for him, in consequence that one of the magistrates desired him (the clerk) to write down the names; that he wrote faster than the magistrate. The court overruled the challenge and permitted the clerk to testify. The justices of the peace made the following certificate at the foot of the venire: That the above named jurors were drawn in our presence. And it was signed by both. On this the plaintiff offered the clerk as a witness, who deposed that he was requested by one of the magistrates to write down the names of the jurors as they were drawn, because he wrote with more facility; that accordingly, the clerk requested the sheriff, who was then present, to draw for him the names of the jurors from the box, which was done, while the clerk and the other magistrate took down the names of the jurors as they were drawn. The testimony of the clerk shows that the jurors were properly drawn. 1 Morgan, Digest 299, 622, §§4, 5.

The sixth specification alleges that the names of said grand jurors who constituted the grand jury of the Delaware Circuit Court, which returned the indictment against this defendant, were placed in said jury box during the January term, 1923, of

the Delaware Circuit Court, whereas the law required that the said names be placed therein during the September term, 1922, of said Delaware Circuit Court. Here again the pleader states his opinion upon the construction of the law providing for the drawing of jurors. The provision of the statutes heretofore referred to in this opinion fully authorizes the drawing of the grand jury and the placing of the names in the jury box during the January term, 1923, of the Delaware Circuit Court.

In the seventh specification, the pleader alleges that the order of the court under which the grand jury was drawn was illegal. This is a mere opinion of the pleader and is an improper construction of the law upon the drawing of jurors, as above set forth in this opinion.

In the eighth specification, the pleader alleges again that the grand jury was drawn by the commissioners instead of the clerk. For reasons heretofore stated, this specification requires no further consideration.

The eleventh specification alleges that the petit jury was improperly drawn. As the petit jury had nothing to do with the indictment in this case, this allegation needs no further consideration. The twelfth specification alleges that the petit jury was drawn by the clerk. For reasons stated above this needs no consideration.

The thirteenth specification again sets forth an opinion of the pleader that the grand jury was not legally drawn. The fourteenth specification alleges that all the names of the grand jurors and petit jurors were illegally drawn and illegally placed in the jury box. The fifteenth specification is to the same effect except that in it, it is alleged that the jury commissioners were not qualified to hold the office of jury commissioners. The sixteenth, seventeenth and eighteenth specifications are to the same effect. The twenty-first and twenty-second specifications allege that the commissioners drawing the petit

jury were not qualified to act as such commissioners.

In *State* v. *Sutherlin* (1905), 165 Ind. 339, 75 N. E. 642, it is held that the jury commissioners are public officers and the rules of law concerning *de facto* officers apply to their official acts.

It appears from the plea in this case and from the record that the jury commissioners were acting jury commissioners, and that they, as such commissioners, performed the duties of jury commissioners in the selection of the grand jury in this case. We hold that a jury commissioner, though not possessing all the legal qualifications of a commissioner, is, in the discharge of the duties of such office, a *de facto* officer and that the rules of law concerning *de facto* officers apply to the official acts of the jury commissioners. *State* v. *Sutherlin*, *supra*. In support of his contention, appellant cites *Stipp* v. *State*, *supra*, but the facts in the Stipp case are so different from the instant case that it cannot be considered as a precedent and does not support appellant's contention. In the Stipp case, the court says:

"The answer in abatement alleges that after the original members of the grand jury had been selected in accordance with the provisions of §1668 Burns 1914, Acts 1913 p. 15, and had assembled for the purpose of being charged and sworn, one of their number, Mose Peterson, was, for good cause shown, regularly excused from service. The plea then alleges that the judge of the trial court 'did not fill the vacancy thus caused by calling together the jury commissioners of said county and by having the name of an additional member drawn as provided by law, but at the said time ordered the court bailiff of said court to go to a certain business house in the city of Muncie, said county and state, and there summon one William W. Ross, to come into court and act as a member of said grand jury in the place of the said Mose Peterson; that pursuant to

the order of said judge the said court bailiff proceeded to the said place of business and there found and summoned the said William W. Ross to appear in court and serve as a member of the said grand jury; that thereupon, in response to the summons, the said Ross did appear in said circuit court room and by direction of the said judge took his place as a member of the said grand jury, and he, the said Ross, together with the five other members drawn by the jury commissioners, was accepted as a member of the said grand jury and said Ross was sworn as a member under the direction of said judge, and thereupon the said judge appointed the said Ross as the foreman of the said grand jury.'''

It thus appears that, in the Stipp case, the court ignored the statutes providing for the drawing of juries and arbitrarily selected a grand juror and made him foreman of the grand jury, while in the instant case, the facts show that the statutes were followed and the grand jury drawn in the manner provided by law.

The plea in abatement is insufficient and the court did not err in sustaining a demurrer to it.

The appellant alleges that the court erred in overruling his motion for a new trial, but the only specification of error is that the court erred in permitting the witness, Pearl Koons, to testify on rebuttal to trouble had with appellant more than a year prior to the date of the offense for which he was tried. But the appellant has failed to set out in his brief or refer to the page and line of the record where the alleged erroneous ruling may be found or to set out the objection or exception, if any, and this is a waiver of the question. See Rule 22 Supreme Court; *Meno* v. *State* (1925), 197 Ind. 16, 148 N. E. 420; *McCrocklin* v. *State* (1920), 189 Ind. 254, 126 N. E. 678; *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306. It is held in *Meno* v. *State, supra,* that objections to evidence not set out in appellant's brief will not be considered on appeal.

No reversible error being shown in the record, the judgment is affirmed.

Travis, J., concurs in conclusion.