STATE OF INDIANA *v.* SCHOPMEYER ET AL.

[No. 26,336. Filed February 20, 1935.]

*Philip Lutz, Jr.,* Attorney-General, *Joseph P. Mc-Namara,* Deputy Attorney-General, and *Roy V. Tozer,* for appellant.

*Rawley & Stewart,* for appellees.

TREANOR, J.—This is an appeal by the State of Indiana upon a reserved question of law in a prosecution brought by the State against appellees. Appellees objected to a question asked upon cross-examination of the defendant Baker while he was testifying as a witness in his own behalf. Appellees also moved that the case be withdrawn from the jury and the jury discharged and that the defendants be acquitted on the ground that the question invaded the constitutional rights of the defendants as guaranteed by the Constitution of the United States and the Indiana Constitution.

A determination of the question presented upon appeal requires a consideraion of the cross-examination of the witness Baker.

Appellees first assert that the bill of exceptions is not properly a part of the transcript; that the appellant "attempted to embody two separate and distinct bills of exceptions in the record" and that the first "is defective for the reasons that (1) it has no formal beginning and (2) it treats the evidence as being the bill of exceptions instead of treating it as having been placed in the bill of exceptions." It is insisted that the second bill of exceptions "is defective for the reason that it was never properly filed in the office of the Clerk and was never made, by proper procedure, a part of the transcript."

The transcript contains the court's order of March 25th, which recites that the prosecuting attorney "tenders and presents his bill of exceptions and asks the Court to sign and seal the same and that it be made a part of the record in this cause." It concludes: "And the Court now signs and seals said bill of exceptions and orders it made a part of the record." There then follows in the transcript the longhand manuscript of the examination and cross-examination of William A. Baker, at the conclusion of which is the certificate of the court reporter. The clerk of the Clay circuit court certified that the manuscript, as certified by the reporter, was filed in his office. The order of the Special Judge follows, and is, in part, as follows:

"The Prosecuting Attorney presented to the court, in open court, the attached and foregoing longhand manuscript of the shorthand notes incorporated in this, his Bill of Exceptions containing the evidence of defendant, William A. Baker, and asked that the same be signed, sealed and filed in this cause. The court having seen and examined the same, finds that the said longhand manuscript is the same that was filed by said Prosecuting Attorney, through and by the court reporter, in this cause on the 25th day of March, 1933, which was so filed before it was so incorporated in this Bill of Exceptions and that said Bill of Exceptions is full, true and com-

plete and contains all the evidence of William A. Baker given in said trial, the motion of the defendants and the ruling of the Court thereon and the exception to said ruling and said Bill of Exceptions is now, this 25th day of March, 1933, signed and sealed and made a part of the record in said cause."

The clerk's certificate to the transcript is in proper form.

In support of their contention that the record does not properly present a bill of exceptions containing the longhand manuscript of Baker's evidence, appellees cite the cases of *Board of Commissioners of Boone County* v. *Mutchler* (1894), 137 Ind. 140, 149, 36 N. E. 534, and *City of Alexandria* v. *Cutler* (1894), 139 Ind. 568, 39 N. E. 237. While in those cases, as in the instant case, there was an omission of a "proper caption," it is apparent that other defects, not present in the instant case, rendered the transcript in each case so incomplete that it could not be said that the transcript contained a bill of exceptions.[1] The transcript in the instant case is sufficient to show the filing and inclusion therein of a properly signed, settled and certified bill of exceptions containing the evidence necessary to the presentation of the question involved in this appeal. The omission of a caption containing the words "Bill of Exceptions," or of the official reporter's statement that the matter which would follow was the longhand manuscript made by such reporter cannot in

*Note 1.* In *Board of Commissioners of Boone County* v. *Mutchler, supra,* there was "an apparent attempt to substitute the reporter's statements for the clerk's certificates."

In *City of Alexandria* v. *Cutler, supra,* this court said:

"There is no statement of the judge before whom the trial was had that this manuscript contains all the evidence given on the trial of the cause. . . . It (what purported to be the bill) nowhere refers to the longhand manuscript, and, taken alone, the reader would not be able to determine that an official reporter had been appointed or that there was such a thing in existence as a manuscript of the evidence taken in the cause."

any way detract from the legal effect of the certificate of the trial judge.[2]

While, as contended by appellees, appellant's purported second bill of exceptions was not properly filed, we hold that the longhand manuscript of the evidence is properly presented by the bill of exceptions referred to in the above-quoted order of the Special Judge.

The offense charged, assault and battery, was alleged to consist of punishment inflicted upon the prosecuting witness, a pupil, by appellees Baker and Schopmeyer, principal and teacher, respectively. As a witness for the defense, appellee Baker testified that the punishment was administered with a rubber tube which was about 16 inches in length. Upon cross-examination the following occurred:

"Q. Have you got that hose with you? A. I have not.

"Q. Do you want to produce that hose for the jury's inspection?

"Defendants each separately object to the question as propounded by the attorney and ask the court at this time to withdraw the case from the jury and to discharge the defendants because the question invades the constitutional rights of the Constitution of the State of Indiana and of the United States, and defendants ask that the case be withdrawn from the jury, the jury discharged and defendants acquitted."

The trial court sustained this motion and the State was given an exception. The court thereupon discharged the defendants and the State brought this appeal.

Note 2. "The bill of exceptions containing the evidence in this case was presented to the trial judge in due time and by him signed and made a part of the record in this case. It would be worse than useless to append to the longhand manuscript of the shorthand notes, a long recital of the fact that the reporter was duly appointed, sworn and took the evidence when the certificate of the trial judge is the only certificate that can be considered by this court. Such a procedure would only add to the expense of litigants and needlessly encumber the record." *Parker* v. *State* (1915), 183 Ind. 130, 108 N. E. 517.

It was error for the trial court to sustain the motion of defendants. No doubt appellees assumed that the asking of the question denied them the protection given by the 5th Amendment to the Constitution of the United States and Art. I, §14, of the Indiana Constitution.

The 5th Amendment to the Constitution of the United States has no application since it has been uniformly held that the 5th Amendment of the Constitution of the United States operates exclusively in restriction of federal power, and has no application to the states. *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452.

For the following reasons it is obvious that Art I, §14 of the Indiana Constitution was not violated. The defendant had elected to testify as a witness in his own behalf and in direct examination had described the rubber tube in question and had admitted that it had been used for the purpose of punishing the prosecuting witness. In view of the matter covered by the direct examination of the defendant the allegedly prejudicial question was clearly proper on cross-examination. The scope of the cross-examination of a defendant-witness under the law of this state is indicated by the following:

> "A defendant in a criminal case, who elects to testify as a witness, is to be treated, so far as the cross-examination is concerned, as any other witness; this defendant did elect to testify as a witness, and hence is to be treated as any other witness upon cross-examination. He put himself in the position of a witness, and as a witness he must be regarded." *Boyle* v. *State* (1886), 105 Ind. 469, 5 N. E. 203.

> "While a defendant is under no obligation to testify as a witness, yet, if he elects to do so, he can not interpose any constitutional provision as a shield to protect him against a legitimate cross-examination." *Keyes* v. *State* (1890), 122 Ind. 527 23 N. E. 1097.

"When a defendant in a criminal case testifies as a witness in his own behalf, he is subject to the same rules of examination and impeachment as other witnesses." *Drew V. State* (1890), 124 Ind. 9, 23 N. E. 1098.

The appeal taken upon the question reserved by the state is sustained at the costs of appellees.